MICHIGAN'S ADVENTURE, INC v DALTON TOWNSHIP
ESSEX v DALTON TOWNSHIP

Docket Nos. 283770 and 283869. Submitted December 2, 2009, at Grand Rapids. Decided January 14, 2010, at 9:00 a.m.

Michigan's Adventure, Inc., and Bruce J. Essex and others brought separate actions in the Muskegon Circuit Court against Dalton Township, alleging that the special assessments imposed on plaintiffs' real property to improve a sewer system far exceeded any benefit conferred by the improvement, that their constitutional rights were violated, and that the township failed to follow proper procedures. The court, William C. Marietti, J., permitted Muskegon County to intervene in the actions, consolidated the actions, and determined that it had subject-matter jurisdiction regarding plaintiffs' claims that defendant failed to properly follow statutory procedural requirements. The court concluded, however, that it was otherwise without jurisdiction to hear plaintiffs' claims. The plaintiffs appealed separately and their appeals were consolidated.

The Court of Appeals *held*:

1. The Tax Tribunal has exclusive and original jurisdiction over a proceeding for direct review of a final decision of any agency relating to assessments and a proceeding for a refund or redetermination of a tax levied under the property tax laws of this state. This jurisdiction extends to taxpayers' constitutional arguments that a tax assessed is arbitrary and without foundation.

2. Allegations that a taxing authority failed to follow statutory procedures for imposing assessments fall within the jurisdiction of the Tax Tribunal.

3. Neither the Headlee Amendment, Const 1963, art 9, § 32, nor its enabling legislation, MCL 600.308a, extend the jurisdiction of the courts to special assessment disputes. Special assessments generally are not taxes for the purposes of constitutional tax limitations.

4. The alleged special assessment was not so clearly a tax that jurisdiction was conferred on the circuit court under the Headlee Amendment. It is appropriate for the Tax Tribunal to initially

consider plaintiffs' claim of an alleged violation of the Headlee Amendment in the context of plaintiffs' challenge to the special assessment.

5. The judgment and orders of the trial court must be reversed and the matter must be remanded to the extent that the trial court determined that it had subject-matter jurisdiction regarding the claims that defendant failed to follow statutory procedural requirements. The orders and judgments must be affirmed to the extent that the trial court held that it was otherwise without jurisdiction to hear plaintiffs' claims.

Affirmed in part, reversed in part, and remanded.

1. TAXATION — TAX TRIBUNAL — JURISDICTION — TAX ASSESSMENTS.

The Tax Tribunal has exclusive and original jurisdiction over proceedings for direct review of a final decision of an agency relating to tax assessments, including constitutional arguments that a tax assessment is arbitrary and without foundation or that the taxing authority failed to follow statutory procedures for imposing assessments.

2. TAXATION — SPECIAL ASSESSMENTS.

Special assessments are not taxes for the purposes of constitutional tax limitations; the differences between a special assessment and a tax are that a special assessment can be levied only on land and cannot be made a personal liability of the person assessed, and also that a special assessment is based wholly on benefits and is exceptional both as to time and locality.

*Parmenter O'Toole* (by *John C. Schrier* and *Adam G. Zuwerink*) for Michigan's Adventure, Inc.

*Miller Johnson* (by *J. Scott Timmer*) for Bruce J. Essex and others.

*Craig A. Rolfe, PLLC* (by *Craig A. Rolfe*), and *James W. Porter, P.C.* (by *James W. Porter*), for Dalton Township.

*Williams, Hughes & Cook, PLLC* (by *Douglas M. Hughes* and *Eric C. Grimm*), for Muskegon County.

Before: MARKEY, P.J., and BANDSTRA and MURRAY, JJ.

BANDSTRA, J. In these consolidated cases and appeals, plaintiffs are taxpayers who own real property against which defendant Dalton Township imposed what it called a "special assessment" to raise money for a sewer project. The primary issue raised on this appeal, the resolution of which disposes of the appeals, is one of jurisdiction: did the lower court here have jurisdiction to decide whether the special assessments were properly imposed on plaintiffs or, instead, did the Michigan Tax Tribunal (MTT) have exclusive jurisdiction to decide plaintiffs' claims? We conclude that the MTT had exclusive jurisdiction and, accordingly, we affirm the lower court decision in part, reverse it in part, and remand.

Because the dispositive issue raised here is one of jurisdiction, it is not necessary to recite at length either the facts giving rise to these cases or the substance of plaintiffs' arguments regarding the propriety of the special assessments. Briefly stated, plaintiffs' contention is that the special assessments imposed by the township to improve a sewer system far exceed any benefit conferred by that sewer system on the properties against which the assessments were made. Plaintiffs claim that their constitutional rights were violated in a number of ways and, further, that the Township failed to follow proper procedures under the township public improvement act, MCL 41.721 *et seq.*

As already noted, the dispositive issue raised on appeal is one of jurisdiction, which presents a question of law that we review de novo. *White v Harrison-White*, 280 Mich App 383, 387; 760 NW2d 691 (2008). The MTT has "exclusive and original jurisdiction" over "[a] proceeding for direct review of a final decision . . . of an agency relating to assessment . . . [and] [a] proceeding for a refund or redetermination of a tax levied under the

property tax laws of this state." MCL 205.731(a) and
(b). The MTT's jurisdiction extends to taxpayers' con-
stitutional arguments that a tax assessment is arbitrary
and without foundation. *Wikman v City of Novi*, 413
Mich 617, 646-647; 322 NW2d 103 (1982). See *Meadow-
brook Village Assoc v Auburn Hills*, 226 Mich App 594,
597; 574 NW2d 924 (1997) ("The Tax Tribunal may . . .
consider claims that an assessment is arbitrary or
without foundation even if couched in constitutional
terms."); *Johnston v Livonia*, 177 Mich App 200, 207;
441 NW2d 41 (1989) ("The tribunal may decide claims
framed in constitutional terms alleging that a tax
assessment was arbitrary and capricious and without
foundation."); *Johnson v Michigan*, 113 Mich App 447,
459; 317 NW2d 652 (1982) ("[T]he tax tribunal has
equitable jurisdiction and may consider constitutional
questions relating to the validity of property tax assess-
ments."); *Grosse Ile Comm for Legal Taxation v Grosse
Ile Twp*, 129 Mich App 477, 486; 342 NW2d 582 (1983)
(Michigan Tax Tribunal has jurisdiction over action
alleging that township's total property tax levy ex-
ceeded constitutional limitations). Similarly, allegations
that a taxing authority failed to follow statutory proce-
dures for imposing assessments fall within the jurisdic-
tion of the MTT. *Johnston*, 177 Mich App at 207-208.

While all these cases undermine plaintiffs' claim that
the MTT did not have exclusive jurisdiction over the
constitutional and statutory questions they raise, none
of them directly confronted the Headlee Amendment
argument that plaintiffs advance. That argument is
potentially problematic because, notwithstanding the
exclusive jurisdiction of the MTT over the assessment
and tax matters just discussed, the Headlee Amend-
ment to the Michigan Constitution and its enabling
legislation specifically grant the courts jurisdiction over
Headlee Amendment challenges against the imposition

of a "tax." Const 1963, art 9, § 32; MCL 600.308a. However, neither the Headlee Amendment nor the statute extends jurisdiction to special assessment disputes and, generally, special assessments are not taxes for the purposes of constitutional tax limitations. *Kadzban v Grandville*, 442 Mich 495, 500; 502 NW2d 299 (1993); *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 323-324; 683 NW2d 148 (2004).

Plaintiffs claim that, even though defendant called the contested action here a "special assessment," defendant's "true purpose" was not to provide sewer service specifically to the affected properties but, instead, to undertake a "massive infrastructure improvement program" for the general benefit of the broader community. Thus, plaintiff claims that this case really involves the imposition of a "disguised tax" and that, at least with respect to their Headlee Amendment claims against that tax, jurisdiction is properly vested in the circuit court. We disagree.

"In determining jurisdiction, this Court will look beyond a plaintiff's choice of labels to the true nature of the plaintiff's claim." *Manning v Amerman*, 229 Mich App 608, 613; 582 NW2d 539 (1998). "A special assessment is a levy upon property within a specified district. Although it resembles a tax, a special assessment is not a tax. In contrast to a tax, a special assessment is imposed to defray the costs of specific local improvements, rather than to raise revenue for general governmental purposes." *Kadzban*, 442 Mich at 500 (citation omitted). In *Blake v Metro Chain Stores*, 247 Mich 73, 77; 225 NW 587 (1929), our Supreme Court set out the test for distinguishing the two:

> "The differences between a special assessment and a tax are that (1) a special assessment can be levied only on land; (2) a special assessment cannot (at least in most States) be

made a personal liability of the person assessed; (3) a special assessment is based wholly on benefits; and (4) a special assessment is exceptional both as to time and locality." [citation omitted.]

Plaintiffs have conceded that, under factors (1), (2), and (4) of the *Blake* analysis, this case involves special assessments; their only contention, under the third *Blake* factor, is that a tax is involved here because the benefit being derived by the impacted parcels of property is greatly disproportionate to the costs imposed against those parcels. In light of that concession, we do not conclude that, notwithstanding the fact that the township called its action a special assessment, it was so clearly a tax instead that jurisdiction was conferred on the court under the Headlee provisions.

We note that the claims plaintiffs raise here are similar to those considered by our Supreme court in *Wikman*, 413 Mich at 647:

Plaintiffs' claim is that these special assessments were not made according to the benefits received as required by law. The resolution of this claim involves many fact determinations. The membership of the Tax Tribunal is structured to provide it with experience in resolving these fact issues. The tribunal's *de novo* review gives it the opportunity to rectify any errors in the agency's determination.

Similar fact issues underlie plaintiffs' claim here that the special assessments were, in fact, a disguised tax, subject to the Headlee Amendment. Thus, it is appropriate for the Tax Tribunal to initially consider plaintiffs' claim of an alleged violation of the Headlee Amendment in the context of their challenge to the special assessments. Any decision by the Tax Tribunal will be subject to judicial review on appeal.

To the extent that the trial court determined it had subject-matter jurisdiction regarding plaintiffs' claims

that defendant failed to properly follow statutory procedural requirements, we reverse and remand. To the extent that the trial court otherwise determined that it was without jurisdiction to hear plaintiffs' claims, we affirm.

Neither party having fully prevailed, no costs should be imposed. MCR 7.219.