# STATE OF MICHIGAN

# COURT OF APPEALS

INDERPREET SANDHU,

Plaintiff-Appellant,

v

JAIDEEP SANDHU,

Defendant-Appellee.

UNPUBLISHED
July 30, 2015

No. 320573
Oakland Circuit Court
LC No. 2013-814681-DO

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff Inderpreet Sandhu appeals as of right an order granting defendant Jaideep Sandhu's motion to dismiss her complaint for annulment based upon lack of jurisdiction. We affirm.[1]

The parties married in India on April 16, 2010. They moved to the United States in April 2012 and resided in Michigan until Jaideep moved out of their home and left the state on or about April 2, 2013. Jaideep filed a complaint for divorce in Mahoning County, Ohio on November 7, 2013, alleging extreme cruelty. Inderpreet then filed her complaint for annulment in Oakland County, Michigan on November 22, 2013, alleging fraud. The trial court in Michigan granted Jaideep's motion to dismiss Inderpreet's annulment complaint and deferred jurisdiction to Ohio because the complaint for divorce was filed in Ohio before the complaint for annulment was filed in Michigan. Inderpreet now appeals the dismissal of her annulment complaint.

Inderpreet first argues that the relief sought in her complaint for annulment is different from the relief sought in the complaint for divorce filed in Ohio. The issue of jurisdiction is a question of law to be reviewed de novo on appeal. *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151, 153; 782 NW2d 806 (2010).

---

[1] Because the position of the parties is switched in the related Ohio action, this opinion refers to the parties as Inderpreet (the plaintiff here and the defendant in Ohio) and Jaideep (the defendant here and the plaintiff in Ohio).

-1-

Although the relief afforded by an annulment differs from that of a divorce, both actions dissolve a marriage. It is undisputed that Jaideep filed his divorce action in Ohio before Inderpreet filed her annulment action in Michigan, although Inderpreet claims she was not properly served with the divorce action. Inderpreet also contends that an annulment does not require the same jurisdiction restraints as a divorce. However, had Inderpreet wanted to pursue the relief afforded by an annulment, she had the opportunity to attempt to do so in Ohio after Ohio had assumed jurisdiction of the divorce action. Apparently she did not do so.[2]

Inderpreet next argues that the court violated her due process rights by not giving her an opportunity to be heard. This Court reviews de novo issues of due process. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277, 831 NW2d 204 (2013).

Inderpreet's due process rights were not violated. Not only did Inderpreet have an opportunity to be heard before the trial court in Michigan, but she and her counsel also appeared and contested jurisdiction in Ohio. At the hearing on Jaideep's motion to dismiss Inderpreet's annulment action, the trial court in Michigan stated that, based upon the court's conversation with an Ohio magistrate, the court determined that Ohio had jurisdiction because Jaideep had filed his divorce action in Ohio before Inderpreet had filed her annulment action in Michigan. However, the trial court further stated, "I'll hear you if you think I'm wrong, you think—that two Courts can have jurisdiction over the same matter." Inderpreet's counsel was then given an opportunity to present Inderpreet's position. Further, although the trial court admitted that it had not read Inderpreet's response to the motion to dismiss the annulment complaint at the time of the hearing, the court indicated that it would read the response and reverse itself sua sponte if needed. The trial court did not decide to reverse itself, however based upon the record before this Court, it is clear that Inderpreet had an opportunity to be heard and thus her due process rights were not violated.

Inderpreet also had the opportunity to be heard before the Ohio court. Inderpreet was permitted to argue the issues of the different relief sought through annulment and divorce, Jaideep's Ohio residency, and jurisdiction. Although given the opportunity to offer evidence or present witnesses in Ohio, Inderpreet did not do so. She also did not dispute the accuracy of the exhibits provided by Jaideep.

Accordingly, this Court holds that Inderpreet was not denied the right to be heard and was not denied due process.

Inderpreet further argues that only the Michigan court had jurisdiction over her complaint for annulment and that the Ohio court lacked jurisdiction over the divorce action because Jaideep failed to establish the requisite Ohio residency. The issue of jurisdiction is a question of law to be reviewed de novo on appeal. *Michigan's Adventure*, 287 Mich App at 153. Pursuant to the

---

[2] To the best of this court's knowledge the appellant still maintains the right to pursue the relief of an annulment in Ohio.

Full Faith and Credit Clause, US Const, Art IV, § 1, a judgment entered in another state is "presumptively valid and subject to recognition in Michigan[.]" *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 216; 813 NW2d 752 (2011). The decision whether a court should defer to an alternative, foreign forum is reviewed for an abuse of discretion. *Id*. at 214-215.

Inderpreet argues that Ohio lacked jurisdiction over this matter because she never resided in Ohio, she and Jaideep never resided in Ohio as a married couple, and it is disputed whether Jaideep ever resided in Ohio. The issue of jurisdiction was addressed by both the Michigan trial court and by the Ohio court. The Michigan court stated:

> It [the Ohio Court] has jurisdiction over the matter, and jurisdiction in the divorce case is taken once somebody swears under oath that they have—we have cases where a couple lives their entire married life in one state and then somebody moves here, and as long as they meet the jurisdictional requirements, they can file for divorce here.
>
> * * *
>
> The marriage is going to end at the end of these proceedings, either in the form of an annulment, as if it never was, or in the form of a divorce. I've had—I had a lengthy discussion with the Ohio Judge, he is absolute[ly] confident [that Ohio has jurisdiction after taking testimony that Jaideep has established his residency in Ohio] and he held a full hearing that your client participated in, yes?

And in the Ohio divorce judgment, the Ohio court found that Jaideep met the residency requirements to establish jurisdiction for the Ohio court to grant him a divorce. The Ohio court relied, among other things, upon Jaideep's testimony and the testimony of a corroborating neighbor in Ohio. Nothing presented by Inderpreet overcomes the evidence that Jaideep provided regarding his residency in Ohio or overcomes the presumption that the Ohio divorce judgment is valid. The law in Ohio states: "[t]he plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint." Ohio Rev. Code Ann. § 3105.03 (West). The Ohio law never sets a time requirement during which both parties must be living as a married couple inside the jurisdiction, nor is there a requirement that the non-filing party has to have lived in the jurisdiction at all.

Although Inderpreet attested that she and her family members were told that Jaideep had been residing in New York, she offered no other evidence in support of this assertion. Jaideep provided his Ohio driver's license and confirmation from the United States Postal Service of his change of address to Ohio as of April 8, 2013. Based upon all of the forgoing, the trial court did not abuse its discretion in deferring jurisdiction to Ohio when Jaideep had established the requisite residency in Ohio and filed his action first.

Inderpreet also asserts that she was never properly served with the summons and complaint for divorce and Jaideep never filed a proof of service in the Ohio action. In the

divorce judgment the Ohio court stated: "On December 26, 2013, Defendant/Inderpreet Bhullar was served with the Summons and Complaint by Regular U.S. Mail" after the attempt to serve by Certified Mail was returned, having been marked 'unclaimed.'"[3]  Additionally, although she may not have been properly served, Inderpreet, by her own admission, was aware of the Ohio action before she filed her annulment action and also participated in the Ohio action.[4]

Finally, Inderpreet argues that the court improperly dismissed her annulment action without stating any reason or citing any authority.  "A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007).  As discussed above, Jaideep's continuous residency in Ohio for more than six months was established and thus jurisdiction was found to exist in Ohio.  Ohio had the earlier filed action and thus jurisdiction.  Despite her assertion to the contrary, Inderpreet had the opportunity to be heard in both the Michigan and Ohio courts.  Additionally, the Michigan court stated in its order that it granted Jaideep's motion to dismiss "for the reasons stated on the record."  On the record, the court stated it was deferring jurisdiction to Ohio because the divorce action was filed first in Ohio and the Ohio magistrate found that Jaideep had established the requisite residency in Ohio.  Accordingly, the trial court did not abuse its discretion in dismissing Inderpreet's annulment action.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause

---

[3] The Ohio Court also noted that "[i]t is unclear whether service has been perfected against Plaintiff/Jaideep Sandhu since the Certificate of Service references only that the Summons and Complaint was 'Posted on the front door of the house.'"

[4] The lack of clarity on whether Inderpreet was properly served may warrant further review in the appropriate jurisdiction.