# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT PONTE, trustee of the ADAM PONTE TRUST and trustee of the IRENE PONTE TRUST,

    Plaintiff-Appellant,

v

DAWYNE MCLACHLAN, former Pittsfield Township Assessor; JULIE ALBERT, Pittsfield Township Assessor; MANDY GREWAL, Pittsfield Township Supervisor; ALAN ISRAEL, Pittsfield Township Clerk; PATRICIA TUPACZ-SCRIBNER, Pittsfield Township Treasurer; GERALD KRONE, Pittsfield Township Trustee; FRANK LOFTIAN, Pittsfield Township Trustee; MICHAEL YI, DONNELLY HADDEN, Pittsfield Township Trustee; PITTSFIELD CHARTER TOWNSHIP; PITTSFIELD CHARTER TOWNSHIP BOARD OF TRUSTEES; and CATHERINE MCCLARY, Washtenaw County Treasurer;

    Defendant-Appellees.

UNPUBLISHED
October 13, 2015

No. 322258
Washtenaw Circuit Court
LC No. 13-000910-NO

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right from the order of the trial court granting summary disposition to all defendants pursuant to MCR 2.116(C)(4) (lack of subject-matter jurisdiction). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff is the trustee of the Adam Ponte Trust and Irene Ponte Trust ("the trusts"). The trusts together owned several parcels of land located in defendant Pittsfield Charter Township ("the Township") (*id.*). In 2002, the trusts sold the property (then zoned as agricultural), via land contract, to a residential developer. In 2005 the Township rezoned the property to "R1-A" (single family, rural, non-farm residential).

-1-

According to plaintiff, at all pertinent times, the Township Assessor (first defendant McLachlan and later defendant Albert) valued the property at issue at $1,300,000; pursuant to this valuation the Township assessed annual ad valorem property taxes of approximately $34,000.

The residential developer defaulted on the land contract, and the trusts foreclosed on the property. Plaintiff paid the delinquent winter 2009 taxes from trust assets. Plaintiff was unable to pay the summer 2010 property taxes. Plaintiff alleged that he offered to sell the land to a residential developer in October of 2010, but the developer declined the offer due to the low purchase price of developed land held by banks. Plaintiff listed the property on the open market for $397,000 but received no offers.

Plaintiff petitioned the December 2010 Board of Review pursuant to MCL 211.53b, alleging error in the assessment of property taxes. The Board declined to hear his petition, as did the March 2011 Board of Review. Plaintiff appealed that denial to the Michigan Tax Tribunal ("the Tribunal"). Plaintiff's appeal was heard in July of 2011.

Plaintiff alleges that at the hearing before the Tribunal, defendant McLachlan offered evidence of the sale to a residential developer of several acres of undeveloped land near the trusts' property. Plaintiff essentially argued that the sale was a sham transaction intended to provide evidence supporting McLachlan's assessment of the trusts' property. Plaintiff provided evidence of his unsuccessful attempts to sell the property for $397,000 and alleged that the Township suffered from a glut of developed land for sale and that banks that foreclosed on undeveloped land were letting the property go to tax foreclosure rather than pay property taxes. Plaintiff asserted before the Tribunal that, currently, undeveloped land in the Township was unsellable at any price.

The Tribunal upheld the assessment of ad valorem taxes on the trusts' property in the amount of 50% of $1,300,000, dismissed plaintiff's petition, and denied plaintiff's motion for reconsideration. Plaintiff did not appeal the decision of the Tribunal to this Court. Instead, plaintiff filed suit in the trial court, asserting claims against defendants under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 USC 1961 et seq., and 42 USC 1983.[1]

All defendants apart from defendant McClary (collectively, "the Township defendants") moved for summary disposition pursuant to MCR 2.116(C)(4), (7), and (8); McClary moved for summary disposition pursuant to MCR 2.116(C)(7) and (8). The trial court heard both motions on November 6, 2013. The Township defendants argued that the trial court lacked subject matter jurisdiction over plaintiff's claims, as plaintiff's claims were essentially a challenge to the amount of property tax assessed on the trusts' property, and therefore the Tribunal had exclusive jurisdiction over those claims; they also argued that plaintiff's claims had been improperly pleaded and were in any event barred by qualified governmental immunity. McClary argued

---

[1] Before filing suit in the trial court, plaintiff filed a similar suit in the United States District Court for the Eastern District of Michigan. That court dismissed plaintiff's claims, finding under the doctrine of comity that plaintiff's claims belonged in state court.

that, as the Washtenaw County Treasurer, she had merely collected the taxes she was required to collect and was not involved in valuing or assessing taxable properties. Relative to the argument that the trial court lacked subject-matter jurisdiction over his claims, plaintiff argued that the Tribunal lacks jurisdiction to decide certain tort and contract claims, and also argued that he could not pursue an appeal of the Tribunal's decision because the Tribunal did not transcribe the proceedings before it.

The trial court issued a written opinion, finding that it lacked subject-matter jurisdiction over plaintiff's claims because "plaintiff challenges the amount [of property tax] he was assessed and the method for determining it, which . . . places his claims firmly in the jurisdiction of the MTT." The trial court therefore granted summary disposition to all defendants pursuant to MCR 2.116(C)(4). This appeal followed.

## II. GRANT OF SUMMARY DISPOSITION

This Court reviews de novo a trial court's grant of summary disposition. *Jones v Slick*, 242 Mich App 715, 718; 619 NW2d 733 (2000). "When reviewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law or whether the affidavits and other proofs show there was no genuine issues of material fact." *Id*. The existence of subject-matter jurisdiction is a question of law that we review de novo. *Id*.

Plaintiff admits that he appealed to the Tribunal the Review Board's denial of his petition. Plaintiff did not timely file an appeal in this Court to challenge the Tribunal's decision. Instead, he filed a complaint with the trial court, raising claims based on the allegedly erroneous assessment of property tax on the trusts' property.

Circuit courts possess original jurisdiction over all civil claims except those over which another court is granted exclusive jurisdiction by constitution or statute. MCL 600.605; *Farmers Ins Exchange v South Lyon Community Schools*, 237 Mich App 235, 241; 602 NW2d 588 (1999). The Tribunal is granted exclusive and original jurisdiction over "[a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment valuation, rates, special assessments, allocation, or equalization, under property tax laws" as well as "[a] proceeding for refund or redetermination of a tax under the property tax laws." MCL 205.731. The Tribunal's exclusive jurisdiction extends to claims "framed in constitutional terms" but based on the assessment of property tax. *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151, 154; 782 NW2d 806 (2010), quoting *Johnston v Livonia*, 177 Mich App 200, 207; 441 NW2d 41 (1989); see also *Forest Hills Co-Op v City of Ann Arbor*, 305 Mich App 572, 619-620; 854 NW2d 172 (2014). Further, the Tribunal has jurisdiction to hear claims concerning fraud or improper assessment practices. See *Richland Twp v State Tax Comm*, 210 Mich App 328, 336; 533 NW2d 369 (1995), superseded by statute in part on other grounds by MCL 211.10f as amended by 1996 PA 476.

Here, although plaintiff alleges violation of his federal civil rights and violations of RICO, it is clear that the essence of plaintiff's complaint is that the trusts' property has been overvalued and that property tax has been improperly assessed. The trial court correctly looked beyond "plaintiff's choice of labels to the true nature of plaintiff's claim" in determining that it

lacked subject-matter jurisdiction. *Michigan's Adventure*, 287 Mich App at 155. Plaintiff's arguments to the contrary are unavailing.

With regard to plaintiff's claim that the Tribunal somehow lost exclusive jurisdiction over his claims due to the alleged failure of the Tribunal to make a transcript of the proceedings before it, he provides no citation to authority in support of this assertion. MCL 205.753(2) provides that "[a]ppeal from the final order or decision of the tribunal may be taken by filing an appeal in accordance with the Michigan court rules after the entry of the order or decision appealed from or after denial of a motion for rehearing timely filed." MCL 205.753(5) provides in relevant part that "*[o]n taking of appeal from the order or decision of the tribunal*, the chief clerk of the tribunal shall prepare an official record of the proceeding that shall include the following: . . . (c) A transcript of the hearing before the tribunal along with exhibits presented." Emphasis added. Here, plaintiff admits that he did not take an appeal from the Tribunal's order; thus, the Tribunals duty to provide an official record had not even been triggered. Further, nothing in MCL 205.753, or any other statute, indicates that the Tribunal's inability to satisfy MCL 205.753(5)(c) divests it of its statutory grant of exclusive jurisdiction, or absolves plaintiff of the responsibility to perfect an appeal of the Tribunal's decision.[2]

Further, plaintiff's reliance on *Joy Mgmt Co v City of Detroit*, 176 Mich App 722, 728; 440 NW2d 654 (1989), in support of his argument that his claims challenge defendants' methods of collecting property taxes, is misplaced. *Joy Mgmt* (which in any event is not binding on this court, MCR 7.215(C)(1)) involved an issue of statutory interpretation concerning the defendant's seizure of insurance proceeds to satisfy delinquent taxes; the plaintiff had specifically "not challenged a final decision regarding valuation, rates, allocation or assessment, nor is plaintiff asking for a refund or redetermination of a tax." *Id.* The trial court in *Joy Mgmt* thus determined that plaintiff's claim did not fall within the Tribunal's exclusive jurisdiction. By contrast, plaintiff in this case has paid property taxes and seeks, essentially, the refund of those taxes, albeit couched in the language of "damages" rather than "refund." Such choice of labels does not remove plaintiff's claims from the jurisdiction of the Tribunal. *Michigan's Adventure*, 287 Mich App at 155.

Finally, plaintiff's complaint makes sporadic reference to Township zoning decisions made both before and after the proceedings before the Tribunal. The thrust of plaintiff's argument is that the Township's zoning decisions prevented him from limiting his tax liability or selling the trusts' property. However, plaintiff has not pleaded specific claims premised on these zoning decisions, nor is there any indication that plaintiff pursued claims related to these zoning decisions through the procedures described in the Michigan zoning enabling act (MZEA), MCL 125.3101 et seq. It is therefore impossible for this Court to separate plaintiff's claims concerning zoning from the general thrust of his claims concerning improper tax assessments.

---

[2] As the trial judge noted in granting summary disposition, "Plaintiff . . . has made no showing that an appeal would, indeed, have been futile. At the very least, the Court of Appeals could have remanded his case to the MTT to create a record."

Plaintiff is not prohibited from bringing separate claims related to zoning issues at a later time pursuant to the MZEA.

We conclude that the trial court correctly determined that it lacked subject-matter jurisdiction over plaintiff's claims. Accordingly, we need not consider defendants' other arguments concerning governmental immunity or failure to state a claim for which relief could be granted.

### III. LEAVE TO AMEND

Plaintiff additionally argues that, even if this Court affirms the trial court, we should grant him leave to file an amended complaint. Plaintiff did not raise the issue of amending his complaint before the trial court; this issue is therefore unpreserved. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Further, plaintiff has provided this Court with no authority in support of the proposition that a complaint can even be amended *after* a case is dismissed and the dismissal is affirmed on appeal. We could thus consider the claim abandoned. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).

Generally, MCR 2.119(A)(2) provides that leave to amend "shall be freely given when justice so requires." However, "leave to amend a complaint may be denied for particularized reasons, such as undue delay . . . undue prejudice to the opposing party, or where amendment would be futile." *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998). Here, plaintiff proposes that this Court allow amendment of his complaint, after dismissal, to add numerous new allegations as well as three new causes of action, most of them based on complaints related to zoning decisions made by the Township. As for his original causes of action arising from the alleged improper assessment of property taxes, adding further allegations to these claims would not bestow jurisdiction over them upon the trial court. And as for the new causes of action and allegations related to zoning, as stated above, nothing in this opinion precludes plaintiff from pursuing remedies for claims arising from zoning issues by following the procedures outlined in the MZEA. We therefore find that allowing plaintiff to amend his complaint in this action would be futile. *Hakari*, 230 Mich App at 355.

Affirmed. As the prevailing party, defendants may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra

-5-