*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEALTH AND WELLNESS CENTER, LLC,

UNPUBLISHED
March 2, 2023

Plaintiff-Appellee,

v

No. 359952
Oakland Circuit Court
LC No. 2020-183974-CZ

CHARTER TOWNSHIP OF ROYAL OAK,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

In this action regarding the validity of a municipal "special assessment" on a property owner, defendant appeals by leave granted[1] an order granting plaintiff partial summary disposition under MCR 2.116(C)(10). Defendant argues the trial court erred because, despite plaintiff characterizing its claim as a constitutional challenge to an illegal tax under the Headlee Amendment, Const 1963, art 9, § § 6, 25-34, the claim actually challenges special assessments and is under the exclusive jurisdiction of the Michigan Tax Tribunal (MTT). We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises out of the 35.75 mills of special assessments levied by a resolution of defendant's Board of Trustees on October 10, 2019, on property, including that owned by plaintiff. The assessments were to fund the departments involved in fire protection, disposal, street and lighting, parks and recreation, new building, and water infrastructure.[2] This represented a

---

[1] *Mich Health & Wellness Ctr, LLC v Charter Twp of Royal Oak*, unpublished order of the Court of Appeals, entered February 24, 2022 (Docket No. 359952).

[2] Defendant's supervisor testified that the funds from these assessments were allocated as follows: fire protection funds paid for a contract with the city of Ferndale to provide protection; disposal funds paid for a contract with a private vendor for disposal services; streets and lighting funds paid

significant increase in the total amount of defendant's special assessments, which in 2018 totaled 19.75 mills. According to defendant's supervisor, defendant had reached the property tax cap restriction of the Headlee Amendment, Const 1963, art 9, § § 6, 25-34, and that defendant routinely used special assessments, like those of 2019, to fund itself without raising property taxes in violation of the Amendment.

Plaintiff filed a petition against defendant in the MTT alleging procedural deficiencies in defendant's levying of the 2019 special assessments. The MTT dismissed the petition because plaintiff failed to file it within the 35-day statutory deadline. Plaintiff successfully appealed to this Court, which reversed and remanded the 2019 special assessment claim to the MTT for adjudication on the merits. *Mich Health & Wellness Ctr, LLC v Charter Twp of Royal Oak*, unpublished per curiam opinion of the Court of Appeals, issued January 20, 2022 (Docket No. 356003), p 1.

In a separate matter before the MTT, an administrative law judge issued a judgment in favor of plaintiff on a challenge to defendant's 2020 special assessments. *Mich Health & Wellness Ctr v Royal Oak Twp*, unpublished MTT Final Opinion and Judgment, issued September 7, 2021 (MOAHR Docket No. 20-004859), p 2. This judgment directed defendant to correct the tax roll for plaintiff's parcels and to refund the 2020 special assessments. *Id*. at 2.

Concurrently with the challenge to the 2019 assessments filed with the MTT, plaintiff filed this case alleging that defendant was illegally levying taxes for general governmental funding in the guise of the 2019 special assessments in violation of the Headlee Amendment. Plaintiff moved for summary disposition of the instant claims under MCR 2.116(C)(10), which the trial court partially granted. The trial court rejected defendant's argument regarding lack of subject-matter jurisdiction and exclusive jurisdiction of the MTT, as defendant failed to support its argument with any legal authority refuting the court's jurisdiction over a challenge to the constitutionality of a tax. Regarding the 2019 special assessments, the trial court held:

> Plaintiff has provided documentary evidence and legal authority in support of its position that the 2019 special assessments were invalid and illegal taxes. Defendant has not disputed Plaintiff's arguments, documentary evidence, or legal authority. In fact, counsel for Defendant represented at oral argument that Plaintiff is entitled to a damages award regarding the 2019 special assessments. Therefore, there is no genuine issue of material fact that Plaintiff is entitled to damages for the illegal taxes paid by Plaintiff to Defendant for special assessments levied in 2019.

The trial court denied plaintiff's request for a permanent injunction, stating plaintiff had an adequate remedy of law for relief from any future illegal special assessments.

---

for the electric bill for the street infrastructure; parks and recreation funds paid for routine expenses such as utility bills and employee costs for that department; new building funds went toward a new municipal center that was in the planning stages and had not yet been approved by defendant's Board of Trustees; and water infrastructure funds paid for projects through a contract with the Water Resource Commission of Oakland County.

## II. STANDARD OF REVIEW

"Whether a court has subject-matter jurisdiction is a question of law subject to review de novo." *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). "In determining jurisdiction, this Court will look beyond a plaintiff's choice of labels to the true nature of the plaintiff's claim." *Manning v Amerman*, 229 Mich App 608, 613; 582 NW2d 539 (1998).

This Court also reviews summary disposition rulings de novo. *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). Summary disposition is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). This Court also reviews de novo whether the trial court properly interpreted the relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).

## III. ANALYSIS

The trial court erred by determining it had jurisdiction[3] of plaintiff's claims that the special assessments amounted to an unconstitutional property tax in violation of the Headlee Amendment.

The MTT

has exclusive and original jurisdiction over . . . [a] proceeding for direct review of a final decision . . . of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state [and] [a] proceeding for a refund or redetermination of a tax levied under the property tax laws of this state. [MCL 205.731(a), (b); see also *Kasberg v Ypsilanti Twp*, 287 Mich App 563, 566-567; 792 NW2d 1 (2010); *Ashley Ann Arbor, LLC v Pittsfield Charter Twp*, 299 Mich App 138, 154; 829 NW2d 299 (2012).]

"The [Michigan Tax Tribunal's] jurisdiction extends to taxpayers' constitutional arguments that a tax assessment is arbitrary and without foundation" or exceeds constitutional limits. *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151, 154; 782 NW2d 806 (2010) (quotations and citations omitted); *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 618; 854 NW2d 172 (2014) ("Merely couching a challenge to an assessment in constitutional terms does not deprive the Tax Tribunal of its exclusive jurisdiction to consider a claim that the assessment is arbitrary or without foundation."); *Meadowbrook Village Assoc v Auburn Hills*, 226 Mich App 594, 597; 574 NW2d 924 (1997). "Similarly, allegations that a taxing authority failed to follow statutory procedures for

---

[3] To be fair, the trial court correctly concluded that defendant had not properly presented the jurisdictional argument. In fact, in its response to plaintiff's motion, defendant did not even cite *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151, 154; 782 NW2d 806 (2010), the case it now argues is controlling. Nor at that time did defendant cite any other relevant authority, so the trial court understandably was not compelled (nor obligated) to give much attention to the issue. But the issue has been properly presented on appeal, and of course subject matter jurisdiction can be raised at any time of a proceeding. *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 615; 854 NW2d 172 (2014).

imposing assessments fall within the jurisdiction of the [Michigan Tax Tribunal]." *Michigan's Adventure*, 287 Mich App at 154.

Under the Headlee Amendment to the Michigan Constitution, Const 1963, art 9, § § 6, 25-34, local governments may not increase property taxes beyond express millage limitations without voter approval. Section 31 of the Headlee Amendment, in relevant part, states:

> Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. [Const 1963, art 9 §31.]

Though the MTT has exclusive and original jurisdiction over the review of special assessments and proceedings for a tax refund under MCL 205.731(a) and MCL 205.731(b),[4] Section 32 of the Headlee Amendment, in relevant part, states:

> Any taxpayer of the state shall have standing to bring suit in the Michigan State Court of Appeals to enforce the provisions of Sections 25 through 31, inclusive, of this Article and, if the suit is sustained, shall receive from the applicable unit of government his costs incurred in maintaining such suit. [Const 1963, art 9 §32.]

MCL 600.308a(1)[5] further states: "[a]n action under section 32 of article 9 of the state constitution of 1963 may be commenced in the court of appeals, or in the circuit court in the county in which venue is proper, at the option of the party commencing the action." However, neither the Headlee Amendment nor its jurisdictional statute extends jurisdiction to challenges of special assessments. *Michigan's Adventure*, 287 Mich App at 155. Therefore, the jurisdictional question for this Court reduces to whether this dispute, at its essence, is concerning the validity of a special assessment or a tax levy that potentially violates the Headlee Amendment. "A court determines the gravamen of

---

[4] Specifically:

The tribunal has exclusive and original jurisdiction over all of the following:

(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state.

(b) A proceeding for a refund or redetermination of a tax levied under the property tax laws of this state. [MCL 205.731(a), (b).]

[5] *Telford v State*, 327 Mich App 195, 200; 933 NW2d 347 (2019), held that the Legislature intended to repeal MCL 600.308a(1) through a statutory provision conferring jurisdiction in the Court of Claims for claims against the state. However, local governmental units, like townships, are not within the jurisdiction of the Court of Claims. See *Doan v Kellogg Community College*, 80 Mich App 316, 320; 263 NW2d 357 (1977); *Mays v Snyder*, 323 Mich App 1, 47; 916 NW2d 227 (2018).

a claim by examining the underlying facts rather than the label attached to the claim." *LaFave v Alliance Healthcare Servs, Inc*, 331 Mich App 726, 731; 954 NW2d 566 (2020).

A special assessment is a "levy upon property within a specified district. Although it resembles a tax, a special assessment is not a tax. In contrast to a tax, a special assessment is imposed to defray the costs of specific local improvements, rather than to raise revenue for general governmental purposes." *Kadzban v Grandville*, 442 Mich 495, 500; 502 NW2d 299 (1993) (citation omitted). Generally, special assessments are not taxes for the purposes of constitutional tax limitations. *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 323; 683 NW2d 148 (2004).

*Michigan's Adventure* controls the outcome here. The plaintiff in *Michigan's Adventure* argued for circuit court jurisdiction over its Headlee Amendment challenge to a procedurally and substantively deficient special assessment. *Michigan's Adventure*, 287 Mich App at 155. Specifically, the plaintiff argued the "special assessment" for sewer system work was actually a "disguised tax" because the project was not intended to confer any specialized benefit to the properties assessed and "the benefit being derived by the impacted parcels of property [was] greatly disproportionate to the costs imposed against those parcels." *Id*. at 155-156. Considering the fact plaintiff conceded the charge qualified as a special assessment in all other respects,[6] this Court stated "we do not conclude . . . [the] special assessment . . . was so clearly a tax instead that jurisdiction was conferred on the [circuit] court under the Headlee provisions." *Id*. at 156. The Court concluded that the dispute was fundamentally one over the validity of a special assessment, which belonged in the MTT:

> Similar fact issues underlie plaintiffs' claim here that the special assessments were, in fact, a disguised tax, subject to the Headlee Amendment. Thus, it is appropriate for the Tax Tribunal to initially consider plaintiffs' claim of an alleged violation of the Headlee Amendment in the context of their challenge to the special assessments. Any decision by the Tax Tribunal will be subject to judicial review on appeal. [*Id*., at 156.]

When it levied the 2019 assessments, defendant identified their purpose as defrayment of specific costs (fire protection, disposal, street and lighting, parks and recreation, new building, and water infrastructure), "rather than [] rais[ing] revenue for general governmental purposes." *Kadzban*, 442 Mich at 500. With this designation, along with statutory authority to make assessments for these purposes, defendant's assessments are not "so clearly a tax . . . that jurisdiction was conferred on the [trial] court under the Headlee provisions." *Michigan's Adventure*, 287 Mich App at 156. Before any question of a Headlee Amendment violation can be considered, the underlying question of the validity of the special assessment must be addressed. The questions of assessment validity—whether the assessments: (1) conferred a specific benefit on the property owners assessed, (2) had some legal source of authority, or (3) were enacted following the required statutory procedures for levying special assessments—are questions which

---

[6] In other words, plaintiff conceded that three of the four factors outlined in *Blake v Metro Chain Stores*, 247 Mich 73, 77; 225 NW 587 (1929), had been satisfied, and it was only challenging the third factor. *Michigan's Adventure*, 287 Mich App at 156.

the MTT must consider under its grant of exclusive and original jurisdiction under MCL 203.371. *Id*; *Blake v Metro Chain Stores*, 247 Mich 73, 77; 225 NW 587 (1929). By this mechanism, the Headlee Amendment is not rendered meaningless, as plaintiff contends, but rather is supported by utilizing the expertise of the MTT in the assessment of any alleged attempts to circumvent it.

Reversed and remanded for entry of an order granting defendant summary disposition. We do not retain jurisdiction. No costs to either side.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle