CITY OF RIVERVIEW v STATE OF MICHIGAN

Docket No. 296431. Submitted May 3, 2011, at Lansing. Decided May 12, 2011, at 9:00 a.m. Leave to appeal denied, 491 Mich 885.

The city of Riverview brought an action in the Court of Claims against the state of Michigan and the Michigan Department of Environmental Quality (MDEQ), seeking money damages and declaratory relief with regard to the MDEQ's issuance of National Pollutant Discharge Elimination System permits for storm water discharges from municipal separate storm sewer systems. Plaintiff asserted that the challenged permits violate the first and second sentences of Const 1963, art 9, § 29, commonly known as the Headlee Amendment. Claims under the first sentence relate to the maintenance of support (MOS) of existing required activities or services, while the second sentence sets forth a prohibition on unfunded mandates (POUM) in connection with newly required activities or services. Defendants sought dismissal of the action on the ground that the Court of Claims lacked subject-matter jurisdiction to decide a Headlee Amendment case. The Court of Claims, Paula J. M. Manderfield, J., agreed with defendants and entered an order dismissing the action. Plaintiff appealed, contending that the Court of Claims erred as a matter of law when it dismissed plaintiff's Headlee Amendment MOS complaint seeking money damages under Const 1963, art 9, § 29 for unfunded mandates by the MDEQ.

The Court of Appeals held:

1. The Court of Claims properly determined that it lacked jurisdiction to decide a Headlee Amendment case. The statutory grant of jurisdiction to the Court of Claims in MCL 600.6419 specifies contract or tort claims, not constitutional claims like a Headlee Amendment action. The Court of Claims' status as the tribunal specially authorized to award damages against the state does not make it a natural forum for Headlee Amendment cases, including MOS claims that include a prayer for damages because money damages are, at best, an aberrant remedy for a violation of Const 1963, art 9, § 29.

2. The constitutional grant of jurisdiction to the Court of Appeals to hear Headlee Amendment cases, Const 1963, art 9,

§ 32, which the Legislature recognized and broadened by providing that an action under Const 1963, art 9, § 32 may be commenced in the Court of Appeals or in the circuit court in the county in which venue is proper, at the option of the party commencing the action, MCL 600.308a(1), are properly construed to exclude other tribunals. The specific grant of jurisdiction to the Court of Appeals and the circuit court operate as an exception to the general grant of jurisdiction to the Court of Claims to decide claims against the state contained in MCL 600.6419.

Affirmed.

COURTS — COURT OF CLAIMS — JURISDICTION — CONSTITUTIONAL LAW.

The Court of Claims does not have subject-matter jurisdiction to decide actions seeking to enforce the provisions of Const 1963, art 9, §§ 25 through 31, commonly known as the Headlee Amendment.

*Pentiuk, Couvreur & Kobiljak, P.C.* (by *Randall A. Pentiuk* and *Kerry L. Morgan*), for plaintiff.

*Bill Schuette,* Attorney General, *John J. Bursch,* Solicitor General, and *Todd B. Adams* and *Tonatzin M. Alfaro Maiz,* Assistant Attorneys General, for defendants.

Before: DONOFRIO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM. Plaintiff, the city of Riverview, appeals as of right a Court of Claims' order dismissing this case for lack of jurisdiction. Because the Court of Claims correctly determined that it lacked jurisdiction to decide a Headlee Amendment case, we affirm.

I

The Court of Claims' opinion and order dismissing this case included a concise statement of the underlying facts:

This case arises from the Michigan Department of Environmental Quality's ("the MDEQ's") issuance of National Pollutant Discharge Elimination System permits ("NPDES permits") for storm water discharges from municipal separate storm sewer systems. Plaintiff seeks money damages as well as declaratory relief based on Plaintiff's assertion that the challenged permits violate the first and second sentences of Article 9, Section 29 of the Michigan Constitution, commonly known as the Headlee Amendment.

\* \* \*

Plaintiff is a municipality, and is the owner and operator of a small municipal separate storm sewer system.

In 1990, the U.S. Environmental Protection Agency ("the EPA") [p]romulgated a Phase I Stormwater Program to address bodies of water impaired by pollution and that, therefore, do not meet water quality standards. The Phase I Program concerned medium and large municipal separate storm sewer systems, and required the owners and operators of such systems, through the use of NPDES permits, to implement programs and practices to control polluted stormwater runoff. Permits were issued in 2003 in connection with the Phase One Stormwater Program.

In 1999, the EPA issued the Phase II Stormwater Program, expanding the program to certain small municipal separate storm sewer systems. In compliance with these federal programs, in 2003 Michigan implemented a Phase II Stormwater Program for owners and/or operators of small municipal separate storm sewer systems. In 2007, Michigan began the procedure for issuance of NPDES permits. Following periods for public comment and a series of meetings held with stakeholders, the MDEQ issued two NPDES permits (a Jurisdictional General Permit and a Watershed General Permit) in May 2008.

In May 2009, Plaintiff filed [*City of Riverview v MDEQ*] Case No. 09-712-CZ, in the Ingham County Circuit Court (still pending), alleging violations of the Headlee Amendment and various state statutes, and seeking declaratory

and injunctive relief. In August, 2009, Plaintiff filed the present case, seeking money damages and declaratory relief[.] Plaintiff presumably filed this second action because this Court has exclusive jurisdiction to hear claims against the state seeking money damages.

Defendants moved for summary disposition in the Court of Claims on the ground that the Court of Claims lacked subject-matter jurisdiction. The court noted that the caselaw did not squarely resolve the issue, then reviewed the applicable constitutional and statutory authorities and concluded that it lacked jurisdiction.

II

Plaintiff's sole issue on appeal is whether the Court of Claims erred as a matter of law when it dismissed, for lack of jurisdiction, plaintiff's Headlee Amendment "maintenance of support" (MOS) complaint seeking money damages under Const 1963, art 9, § 29 for unfunded mandates by defendant MDEQ. This issue was raised in and decided by the Court of Claims and thus it is preserved for appellate review. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Further, "a challenge to subject-matter jurisdiction may be raised at any time, and presents a question of law that we review de novo." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 708-709; 742 NW2d 399 (2007). Statutory interpretation likewise presents a question of law, calling for review de novo. See *Thompson v Thompson*, 261 Mich App 353, 358; 683 NW2d 250 (2004).

III

A court must be vigilant in respecting the limits of its jurisdiction. *Straus v Governor*, 230 Mich App 222, 227; 583 NW2d 520 (1998). The Legislature vested the Court of Claims with "exclusive" jurisdiction over "all claims and

demands, liquidated and unliquidated, ex contractu and ex delicto," brought against "the state and any of its departments, commissions, boards, institutions, arms, or agencies." MCL 600.6419(1)(a). But MCL 600.6419(4) adds that the Court of Claims chapter of the Revised Judicature Act does not deprive the circuit court of jurisdiction over certain actions, including "actions against state agencies based upon the statutes of this state in such case made and provided, which expressly confer jurisdiction thereof upon the circuit court . . . ." At issue is whether the broad statutory grant of jurisdiction to the Court of Claims extends to Headlee Amendment claims, or whether constitutional or statutory law confines such cases to other fora.

The Headlee Amendment to the Michigan Constitution, enacted by voter initiative in 1978, places certain limits on the Legislature's authority to impose costs on local units of government. It provides, in pertinent part, as follows:

> The state is hereby prohibited from reducing the state financed proportion of the necessary costs of any existing activity or service required of units of Local Government by state law. A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is made and disbursed to pay the unit of Local Government for any necessary increased costs. [Const 1963, art 9, § 29.]

The Headlee Amendment additionally grants this Court original jurisdiction to hear and decide Headlee Amendment claims: "Any taxpayer[1] of the state shall have

[1] That a municipality constitutes a "taxpayer" for purposes of vindicating its taxpayers' rights appears not in doubt. See *Ferndale Sch Dist v Royal Oak Twp Sch Dist No 8*, 293 Mich 1, 9; 291 NW 199 (1940) ("In

standing to bring suit in the Michigan State Court of Appeals to enforce the provisions of Sections 25 through 31, inclusive, of this Article . . . ." Const 1963, art 9, § 32.

The statutory grant of jurisdiction to the Court of Appeals recognizes the constitutional grant of jurisdiction to the Court of Appeals and adds a grant of jurisdiction to the circuit court: "An action under section 32 of article 9 of the state constitution of 1963 may be commenced in the court of appeals, or in the circuit court in the county in which venue is proper, at the option of the party commencing the action." MCL 600.308a(1). MCL 600.308a(1) does not treat the constitutional grant to the Court of Appeals of original jurisdiction to decide Headlee Amendment claims as granting *exclusive* jurisdiction. MCL 600.308a(5) further provides, "The court of appeals may refer an action to the circuit court or to the tax tribunal to determine and report its findings of fact if substantial fact finding is necessary to decide the action." It seems significant that this latter provision envisions a role for the Tax Tribunal, which joins the Court of Claims as a forum not mentioned in the language of MCL 600.308a(1) addressing jurisdiction over Headlee Amendment claims; however, the explanation is that Headlee Amendment issues are apt at times to be of a sort over which the Tax Tribunal, whose membership is configured "to relate primarily to questions concerning the factual underpinnings of taxes," *Romulus City Treasurer v Wayne Co Drain Comm'r*, 413 Mich 728, 737; 322 NW2d 152 (1982), is particularly competent to review.

Returning to the language of Const 1963, art 9, § 29 quoted earlier in this opinion, the first of the two sentences quoted relates to maintenance of support (MOS) of existing required activities or services, while

litigation brought by a city the taxpayer is heard through the accredited representative of the city . . . .") (quotation marks and citation omitted).

the second sets forth a prohibition on unfunded mandates (POUM) in connection with newly required activities or services. See *Judicial Attorneys Ass'n v Michigan*, 460 Mich 590, 595; 597 NW2d 113 (1999). Actions alleging a violation of this constitutional provision must carefully distinguish between MOS and POUM claims. MCR 2.112(M).

Plaintiff asserts both kinds of claim, but concedes that the Court of Claims lacks jurisdiction over the POUM claim on the ground that such a claim cannot include a claim for damages. Plaintiff contends, however, that the Court of Claims has jurisdiction concurrent with that of the circuit court over MOS claims.

In *Wayne Co Chief Executive v Governor*, 230 Mich App 258; 583 NW2d 512 (1998), this Court stated as follows:

> We hold that money damages are neither a necessary nor proper remedy in a suit in which a violation of the second sentence of § 29 of the Headlee Amendment [a POUM claim] is established. We further hold that the Court of Claims lacks subject-matter jurisdiction to hear Headlee Amendment claims, because money damages are, at best, an aberrant remedy for a violation of § 29 and the Court of Claims does not have subject-matter jurisdiction absent a claim for money damages. [*Id.* at 261-262.]

Defendants cite the latter holding, whereby this Court marginalized the relevance of damages in connection with Headlee Amendment claims and stated broadly that the Court of Claims lacks jurisdiction to hear Headlee Amendment claims. But plaintiff points out that *Wayne Co Chief Executive* concerned a POUM claim only, which rendered any implication therein that the Court of Claims' lack of jurisdiction to hear Headlee Amendment cases extended to MOS claims mere dicta.

*Oakland Co v Michigan*, 456 Mich 144; 566 NW2d 616 (1997), originated in the Court of Claims, see *id.* at 148,

and raised a MOS claim, *id.* at 152. A three-member plurality of the Supreme Court remanded the case to the Court of Claims for further proceedings, *id.* at 168 (KELLY, J., joined by CAVANAGH and BOYLE, JJ.), but expressly declined to reach the question "whether the Court of Claims has jurisdiction over this claim," *id.* at 167.

*Livingston Co v Dep't of Mgt & Budget*, 430 Mich 635; 425 NW2d 65 (1988), also concerned a MOS claim originally brought in the Court of Claims, *id.* at 638-639, and the Supreme Court expressed no concern over the participation of that tribunal, but apparently jurisdiction was not challenged in that case.

A matter that a tribunal merely assumes in the course of rendering a decision, without deliberation or analysis, does not thereby set forth binding precedent. See *Rory v Continental Ins Co*, 473 Mich 457, 482; 703 NW2d 23 (2005) (implications, in dicta and without analysis, that public policy requires treating "adhesion contracts" specially did not establish any such rule); *People v Douglas (On Remand)*, 191 Mich App 660, 662; 478 NW2d 737 (1991) (assumptions made by this Court and the parties in a prior opinion that were not properly raised as issues for legal determination before the Court have no precedential value.) Because in both *Oakland Co* and *Livingston Co* the Supreme Court assumed, without deciding, that jurisdiction was proper in the Court of Claims, those cases do not squarely answer that question for present purposes.

We conclude that this case is best resolved by building on the dicta in *Wayne Co Chief Executive*, 230 Mich App at 261-262, concerning the ancillary nature of monetary relief in Headlee Amendment cases and the role of the Court of Claims. Anticipating the pronouncement in *Wayne Co Chief Executive*, *id.* at 261, that "money damages are, at best, an aberrant remedy for a violation of § 29" of the Headlee Amendment, our Supreme Court

observed in *Durant v Michigan*, 456 Mich 175, 204; 566 NW2d 272 (1997), that "monetary relief typically will not be necessary in future § 29 cases . . . ."[2] Accordingly, the Court of Claims' status as the tribunal specially authorized to award damages against the state does not make it a natural forum for Headlee Amendment cases, including MOS claims that include a prayer for damages. Further, the statutory grant of jurisdiction to the Court of Claims specifies claims and demands *ex contractu* and *ex delicto*, meaning contract or tort claims. As defendants point out, the underlying Headlee Amendment action is not one sounding in contract or tort, but is instead a constitutional claim.

We additionally opine that the constitutional and legislative grant of jurisdiction to the Court of Appeals and the circuit court should be construed to exclude other tribunals. Again, the Michigan Constitution confers jurisdiction for Headlee Amendment claims on the Court of Appeals, Const 1963, art 9, § 32, which the Legislature recognized and broadened by providing that "[a]n action under section 32 of article 9 of the state constitution of 1963 may be commenced in the court of appeals, or in the circuit court in the county in which venue is proper, at the option of the party commencing the action." MCL 600.308a(1). Plaintiff maintains that the latter language seems permissive, using the word "may" and including no statement that the jurisdiction thus authorized is exclusive. But the language of exclusivity does not naturally comport with language authorizing a taxpayer to select one of two tribunals in which to commence an action. Further, if a taxpayer bringing a Headlee MOS action can bypass the tribunals consti-

---

[2] The Court concluded that monetary damages were appropriate in that case, owing to the state's "prolonged recalcitrance" in connection with the underlying dispute. *Id.*

tutionally and statutorily authorized for such cases and proceed in the Court of Claims, arguably the taxpayer could also proceed in the Tax Tribunal, or, if the damages sought are below the jurisdictional limitation, the district court. When a specific statutory provision differs from a related general one, the specific one controls. *Gebhardt v O'Rourke*, 444 Mich 535, 542-543; 510 NW2d 900 (1994). Accordingly, the specific grant of jurisdiction to the Court of Appeals and the circuit court should thus be understood to operate as an exception to the general grant of jurisdiction to the Court of Claims to decide claims against the state.[3]

Comporting with this reasoning is our Supreme Court's recognition of "the maxim *expressio unius est exclusio alterius*; that the express mention in a statute of one thing implies the exclusion of other similar things." *Bradley v Saranac Community Sch Bd of Ed*, 455 Mich 285, 298; 565 NW2d 650 (1997). The specification of the Court of Appeals and the circuit court as tribunals authorized to decide Headlee Amendment claims impliedly excludes other tribunals.

IV

The Court of Claims properly determined that it lacked jurisdiction to decide a Headlee Amendment case.

Affirmed. Defendants, being the prevailing parties, may tax costs pursuant to MCR 7.219.

DONOFRIO, P.J., and BORRELLO and BECKERING, JJ., concurred.

---

[3] Likewise the specific grant of jurisdiction to the Tax Tribunal to decide claims for property tax refunds, MCL 205.731(b), or that of the district court to decide claims for damages not exceeding $25,000, MCL 600.8301(1).