*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN TELFORD, HELEN MOORE, ALIYA
MOORE, YOLANDA PEOPLES, BOBBI
DICKERSON, DENISE TANKS, JUVETTE
HAWKINS-WILLIAMS, ELENA HERRADA,
WANDA REDMOND, IDA SHORT, and
TWANNA SIMPSON,

        Plaintiffs-Appellees,

v

STATE OF MICHIGAN, GOVERNOR, STATE
TREASURER, DEPARTMENT OF TREASURY,
and DEPARTMENT OF TECHNOLOGY,
MANAGEMENT, AND BUDGET,

        Defendants-Appellants.

FOR PUBLICATION
February 26, 2019
9:15 a.m.

No. 340929
Court of Claims
LC No. 17-000239-MM

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J.

Plaintiffs are a variety of taxpayers, residents, and parents of children in the City of Detroit, who generally contend that defendants have engaged in a longstanding practice of mandating certain educational services without providing funding for those services, in violation of the Headlee Amendment, Const 1963, Art 9, §§ 25-34. The dispute in this appeal concerns the division of jurisdiction between the Court of Claims and the Circuit Courts; specifically, which court has subject-matter jurisdiction over Headlee Amendment claims. The Court of Claims concluded that it lacked subject-matter jurisdiction, and it ordered the matter transferred to the Wayne Circuit Court. Although the Court of Claims properly relied on case law binding upon it, we reverse and remand.

This Court has previously and unambiguously held that the Court of Claims lacks subject matter jurisdiction over Headlee Amendment claims. *City of Riverview v State of Michigan*, 292 Mich App 516; 808 NW2d 532 (2011). *Riverview* relied on MCL 600.308a(1), which provided, and continues to provide, that a Headlee Amendment action "may be commenced in the court of

appeals, or in the circuit court in the county in which venue is proper, at the option of the party commencing the action." After *Riverview* was decided, the Legislature amended the Court of Claims Act, pursuant to 2013 PA 164. In relevant part, 2013 PA 164 amended MCL 600.6419(1)(a), which previously provided:

> The [Court of Claims] has power and jurisdiction:
>
> (a) To hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies.

MCL 600.6419(1)(a) currently provides:

> Except as otherwise provided in this section, the [Court of Claims] has the following power and jurisdiction:
>
> (a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.

There is no serious dispute that the rule of stare decisis, under which published opinions of this Court have precedential effect, MCR 7.215(C)(2), may be inapplicable when the Legislature significantly alters any underlying statutory law. See *People v Feezel*, 486 Mich 184, 212-213; 783 NW2d 67 (2010); *Lamp v Reynolds*, 249 Mich App 591, 604; 645 NW2d 311 (2002).

This Court has previously held that the amended MCL 600.6419(1)(a) prevails over MCL 600.4401(1). *O'Connell v Director of Elections*, 316 Mich App 91, 108; 891 NW2d 240 (2016). This does not entirely resolve the issue before us. MCL 600.4401(1) addresses where mandamus actions may be filed, which is not a matter addressed by Michigan's Constitution. See Const 1963, Art 11, § 5. In contrast, MCL 600.308a(1) expanded on jurisdiction expressly conferred by our Constitution. See Const 1963, Art 9, § 32. Furthermore, this Court in *Riverview* held that despite the "broad statutory grant of jurisdiction to the Court of Claims" found in the then-existing version of MCL 600.6419(1)(a), MCL 600.308a(1) controlled because the latter statute was more specific and operated as an exclusion of jurisdiction to other tribunals. *Riverview*, 292 Mich App at 520, 524-525. In short, there are enough differences between MCL 600.308a(1) and MCL 600.4401(1) that we decline to extend the holding in *O'Connell* by rote.

Nevertheless, we find an ambiguity in the pertinent statutes because MCL 600.308a(1) and MCL 600.6419(1)(a) irreconcilably conflict. *People v Hall*, 499 Mich 446, 454; 884 NW2d 561 (2016). We additionally note that there is also an irreconcilable conflict between two rules of statutory construction. All other things being equal, a more specific statutory provision controls over a more general statutory provision; however, again all other things being equal, a more recent statutory provision controls over an older statutory provision. See *Huron Twp v City Disposal Sys, Inc*, 448 Mich 362, 366; 531 NW2d 153 (1995); *Malcolm v City of East Detroit*, 437 Mich 132, 139; 468 NW2d 479 (1991). It appears to us that MCL 600.308a(1) is more specific, whereas MCL 600.6419(1)(a) is more recent. Finally, repeals by implication have long

been disfavored and will only be found if no other intention by the Legislature is possible. *Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642, 651; 852 NW2d 865 (2014). However, the fundamental goal of statutory interpretation is to discover and implement the intent of the Legislature, and to that end, the "rules of construction" are merely helpful guides. *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 611; 321 NW2d 668 (1982).

Therefore, we ultimately arrive at the same conclusion as the Court did in *O'Connell*. We are persuaded that the Legislature intended to repeal MCL 600.308a(1) by implication when it enacted 2013 PA 164, even though MCL 600.308a(1) is clearly more specific, and nowhere in 2013 PA 164 is the Headlee Amendment mentioned. Legislative analyses are of minor value, but our Supreme Court has recognized that they may nevertheless be helpful in resolving a close question regarding an ambiguous statute. *In re Certified Question from US Court of Appeals for Sixth Circuit*, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003). We have reviewed the legislative analyses of 2013 PA 164, and we also find no mention of the Headlee Amendment. However, the legislative analyses *do* show a clear intention to extensively rewrite the Court of Claims's jurisdiction in the process of removing it from the Ingham County Circuit Court. In other words, there is a strong inference that expanding the scope of the Court of Claims's jurisdiction was intentional and knowing. The phrase "notwithstanding another law that confers jurisdiction . . ." only occurs once, and, significantly, is new language. At the same time, the Legislature added two provisions making express exceptions to the new grant of jurisdiction. See MCL 600.6419(5) and (6).

We conclude that, notwithstanding the specificity of MCL 600.308a(1), our reluctance to find a repeal by implication, and the lack of any mention of the Headlee Amendment in 2013 PA 164 or its legislative analyses, the Legislature did intend to repeal MCL 600.308a(1). The pertinent rule of law in *Riverview* has therefore been overturned by the Legislature, and we are bound to follow the new rule. See *US v Lee*, 106 US (16 Otto) 196, 220; 1 S Ct 240; 27 L Ed 171 (1882) (we "are creatures of the law and are bound to obey it"); *Gleason v Kincaid*, 323 Mich App 308, 317; 917 NW2d 685 (2018) ("[c]ourts are bound to follow statutes and must apply them as written"). The Court of Claims properly found itself bound by *Riverview*, but it nevertheless incorrectly determined that it lacked subject matter jurisdiction over plaintiffs' Headlee Amendment claims on that basis.

Finally, plaintiffs argue that the Court of Claims lacks subject matter jurisdiction because they are entitled to a trial by a jury. We disagree. No right to a jury trial for Headlee Amendment claims is specified in any statute or provision of the Michigan Constitution. See *Madugula v Taub*, 496 Mich 685, 696; 853 NW2d 75 (2014). A right to a jury trial may be found for claims "similar in character to" claims for which a right to a jury trial existed prior to the adoption of the Michigan Constitution. *Id*. at 704-705 (citation omitted). Nevertheless, we conclude that the Headlee Amendment itself precludes plaintiffs' argument because its initial grant of jurisdiction was only to this Court. Const 1963, art 9, § 32. *Riverview* held that the Legislature was not precluded from treating the constitutional grant of jurisdiction as non-exclusive, which remains a rule of law established by a published opinion of this Court that we are bound to follow. MCR 7.215(J)(1). However, this Court is fundamentally not a trial court, and it is fundamentally ill-equipped to handle trials of any kind, let alone jury trials; a fact that would have been obvious when the Headlee Amendment was adopted. The grant of jurisdiction to this Court shows that no right to a jury trial was anticipated.

Reversed and remanded. We do not retain jurisdiction. We direct that the parties shall bear their own costs on appeal. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Thomas C. Cameron
/s/ Jane M. Beckering