MEADOWBROOK VILLAGE ASSOCIATES v CITY OF AUBURN HILLS

Docket No. 199302. Submitted October 7, 1997, at Detroit. Decided November 25, 1997, at 9:30 A.M. Leave to appeal sought.

Meadowbrook Village Associates filed a petition in the Tax Tribunal, challenging the determination of the City of Auburn Hills regarding the taxable value of petitioner's property, arguing that Const 1963, art 9, § 3 mandates that the ratio of taxable value to true cash value of its property equal the ratio for all properties in its class. The parties filed cross motions for summary disposition. The State Tax Commission submitted an amicus curiae brief, raising the issue whether the tribunal had jurisdiction to consider the claim. The tribunal held that it had jurisdiction and rejected the petitioner's argument, finding that Const 1963, art 9, § 3 requires uniformity in assessment, not taxable values, and holding that taxable value is not the equivalent of assessment for purposes of Const 1963, art 9, § 3. The petitioner appealed.

The Court of Appeals *held*:

The Tax Tribunal does not have jurisdiction over constitutional questions and does not possess the authority to hold a statute invalid. The tribunal did not have jurisdiction to consider the petitioner's claim involving a constitutional question. The judgment of the tribunal must be vacated and the matter must be remanded for entry of an order dismissing the proceedings.

Reversed and remanded.

TAXATION — TAX TRIBUNAL — JURISDICTION.

The Tax Tribunal does not have jurisdiction over constitutional questions and does not possess the authority to hold a statute invalid; the tribunal may consider claims that an assessment is arbitrary or without foundation even if couched in constitutional terms (MCL 205.731; MSA 7.650[31]).

*Honigman Miller Schwartz and Cohn* (by *Thomas J. Beale*), for the petitioner.

*Kohl, Secrest, Wardle, Lynch, Clark and Hampton* (by *Derk W. Beckerleg*), for the respondent.

Before: CORRIGAN, C.J., and GRIFFIN and HOEKSTRA, JJ.

CORRIGAN, C.J. Petitioner appeals by right the judgment of the Tax Tribunal establishing the taxable value of its property for the 1995 tax year. We vacate the judgment and remand for entry of an order dismissing these proceedings.

Petitioner, the owner of an apartment complex in Auburn Hills, initiated this action to challenge respondent's determination regarding the taxable value of its property for the 1995 tax year. Petitioner argues that Const 1963, art 9, § 3 mandates that the ratio of taxable value to true cash value for its property equal the ratio for all properties in its class. The parties stipulated that the taxable value of petitioner's property equals 48.74 percent of its true cash value. They also stipulated that the total taxable value of all real property in Auburn Hills equals 47.09 percent of true cash value and the total taxable value of all commercial property in Auburn Hills equals 47.41 percent of true cash value. The parties filed cross motions for summary disposition on the stipulated facts. The State Tax Commission submitted an amicus curiae brief raising the issue whether the Tax Tribunal had jurisdiction to consider petitioner's claim.

The tribunal held that it had jurisdiction to consider petitioner's argument involving Const 1963, art 9, § 3, because the question was within the tribunal's sphere of expertise. The tribunal determined that this case did not concern the constitutionality of a statute but rather was "an action challenging whether the People of the State of Michigan can amend their constitution and provide for legislation to allow disparate treatment for taxpayers in the taxing of property."

Turning to the substantive issue, the tribunal rejected petitioner's argument because Const 1963, art 9, § 3 requires uniformity in assessments, not taxable values. The tribunal determined that "taxable value" is not the equivalent of "assessment" for purposes of the constitutional provision. The tribunal further concluded that Const 1963, art 9, § 3 does not violate the equal protection guarantee because it is rationally related to furthering the state's interest in creating stability and predictability in property tax growth.

We do not address petitioner's substantive argument because the Tax Tribunal did not have jurisdiction to consider the question. Absent fraud, this Court reviews a Tax Tribunal decision to determine whether the tribunal made an error of law or adopted a wrong legal principle. *Georgetown Place Cooperative v City of Taylor*, 226 Mich App 33, 43; ___ NW2d ___ (1997). The Tax Tribunal's jurisdiction is set forth in MCL 205.731; MSA 7.650(31), which provides:

> The tribunal's exclusive and original jurisdiction shall be:
>
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.
>
> (b) A proceeding for refund or redetermination of a tax under the property tax laws.

The tribunal does not have jurisdiction over constitutional questions and does not possess authority to hold statutes invalid. *Wikman v Novi*, 413 Mich 617, 647; 322 NW2d 103 (1982); *Eyde v Lansing Twp*, 420 Mich 287, 292; 363 NW2d 277 (1984). The circuit court has jurisdiction over claims involving those

challenges.[1] *Joy Management Co v Detroit*, 176 Mich App 722, 728; 440 NW2d 654 (1989); *Kostyu v Dep't of Treasury*, 170 Mich App 123, 128; 427 NW2d 566 (1988). The Tax Tribunal may, however, consider claims that an assessment is arbitrary or without foundation even if couched in constitutional terms. *Wikman, supra* at 647; *Kostyu, supra* at 129.

In this case, the tribunal erroneously determined that it had jurisdiction to consider petitioner's constitutional challenge to respondent's determination regarding the taxable value of its property. Petitioner's claim does not necessitate that the tribunal make factual determinations and does not concern whether respondent followed statutory procedures. Compare *Johnston v Livonia*, 177 Mich App 200, 207; 441 NW2d 41 (1989), and *Sessa v State Tax Comm*, 134 Mich App 767, 771; 351 NW2d 863 (1984). Rather, petitioner seeks a ruling that the terms "taxable value," "assessment," and "assessed" in Const 1963, art 9, § 3 have the same meaning. This interpretation would invalidate the statutes that implement the constitutional provision because they provide for taxation based on taxable value, not assessed value. See MCL 211.27a; MSA 7.27(1), MCL 211.24b; MSA 7.24(2). Therefore, the tribunal did not have jurisdiction to consider petitioner's claim regarding respondent's determination of taxable value because it involves a constitutional question. *Wikman, supra* at

---

[1] The parties improperly rely on *DeWitt Twp v Clinton Co*, 113 Mich App 709, 713; 319 NW2d 2 (1982), and *Eyde v Lansing Twp*, 105 Mich App 370, 376; 306 NW2d 797 (1981), aff'd 420 Mich 287; 363 NW2d 277 (1984), for the proposition that the tribunal may consider constitutional questions. This Court decided those cases before our Supreme Court's decision in *Wikman, supra*.

647. Accordingly, we vacate the judgment and remand for entry of an order dismissing these proceedings.

Reversed and remanded. We do not retain jurisdiction.