WPW ACQUISITION COMPANY v CITY OF TROY (ON REMAND)

Docket No. 211828. Submitted June 11, 2002, at Detroit. Decided November 8, 2002, at 9:05 A.M.

WPW Acquisition Company challenged a 1996 property tax assessment by the city of Troy before the Michigan Tax Tribunal as violative of Const 1963, art 9, § 3. The tribunal ruled in favor of the city, finding that the increased assessment was permitted by the 1994 amendment of art 9, § 3 by ballot Proposal A, which allowed adjustments for additions to real property, and subsequently enacted MCL 211.34d(1)(b)(vii), which defined "additions" to include an increased occupancy rate. WPW then brought an action in the Oakland Circuit Court, challenging the constitutionality of the statute and seeking a refund of the tax paid. The court, Joan E. Young, J., granted summary disposition for the plaintiff, declaring MCL 211.34d(1)(b)(vii) unconstitutional and determining the appropriate definition of "additions" to be the version in effect at the time art 9, § 3 was amended. However, the court, Daniel F. Breck, J., indicated the question of a tax refund was within the exclusive jurisdiction of the Tax Tribunal. The Court of Appeals, MARKEY, P.J., and GRIBBS and GRIFFIN, JJ., reversed, holding that the constitutional amendment left the meaning of "additions" to the Legislature to define, consistent with the ratifiers' intent, and that the Legislature had done so in a reasonable manner in the pertinent statutory provision. 243 Mich App 260 (2000). The Supreme Court granted WPW's application for leave to appeal and issued an opinion that reversed the opinion of the Court of Appeals and remanded the matter to the Court of Appeals for consideration of an issue not decided in the original appeal, namely whether the circuit court had jurisdiction to order a tax refund premised on the unconstitutionality of MCL 211.34d(1)(b)(vii). 466 Mich 117 (2002). The Supreme Court found that MCL 211.34d(1)(b)(vii) is unconstitutional because it is inconsistent with the meaning of the term "additions" as used in Const 1963, art 9, § 3.

On remand, the Court of Appeals *held*:

The circuit court properly determined that it did not have jurisdiction to consider the refund issue.

1. The Tax Tribunal has exclusive and original jurisdiction over a proceeding for refund or redetermination of tax under the property tax laws.

2. The circuit court did not have ancillary jurisdiction to consider the issue of the plaintiff's refund.

Affirmed.

1. Courts — Jurisdiction — Ancillary Jurisdiction.

A court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims; a court may exercise ancillary jurisdiction to permit disposition, by a single court, of claims that are, in varying respects and degrees, factually interdependent or to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.

2. Courts — Jurisdiction — Ancillary Jurisdiction.

A court has jurisdiction to resolve matters ancillary to the main proceeding before it where: the ancillary matter arises from the same transaction that was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; the ancillary matter can be determined without a substantial new fact-finding proceeding; determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and the ancillary matter must be settled to protect the integrity of the main proceeding or to ensure that the disposition in the main proceeding will not be frustrated.

*Honigman Miller Schwartz and Cohn* (by *Thomas J. Beale* and *Richard Bisio*) for the plaintiff.

*John J. Martin, III*, for the defendant.

ON REMAND

Before: Markey, P.J., and Griffin and Talbot*, JJ.

Per Curiam. In our original opinion, this Court rejected plaintiff's constitutional challenge to MCL

---

* Judge Talbot has been substituted for Judge Gribbs on remand.

211.34d(1)(b)(*vii*) and held that the statutory provision, as amended, was not unconstitutional. *WPW Acquisition Co v Troy*, 243 Mich App 260, 269; 620 NW2d 883 (2000). Thereafter, the Supreme Court reversed, holding that MCL 211.34d(1)(b)(vii) is unconstitutional because it is inconsistent with the meaning of the term "additions" as used in Const 1963, art 9, § 3, and remanded the case to this Court for consideration of an issue not decided in the original appeal, i.e., whether the circuit court had jurisdiction to order a tax refund premised on the unconstitutionality of MCL 211.34d(1)(b)(*vii*). *WPW Acquisition Co v Troy*, 466 Mich 117, 119, 126-127; 643 NW2d 564 (2002).

Plaintiff argues that the circuit court has ancillary jurisdiction to order defendant to issue a tax refund to plaintiff that was unlawfully paid. We disagree and conclude that the circuit court properly determined that it did not have jurisdiction to consider the refund issue. Whether the circuit court has jurisdiction is a question of law that is reviewed de novo. *Jeffrey v Rapid American Corp*, 448 Mich 178, 184; 529 NW2d 644 (1995).

The parties correctly note that the Tax Tribunal does not have jurisdiction over constitutional questions and has no authority to hold statutes invalid. *Meadowbrook Village Assoc v Auburn Hills*, 226 Mich App 594, 596; 574 NW2d 924 (1997), citing *Wikman v Novi*, 413 Mich 617, 647; 322 NW2d 103 (1982). Rather, the circuit court has jurisdiction to consider such matters. *Meadowbrook*, *supra* at 596-597. The Tax Tribunal has exclusive and original jurisdiction over a proceeding for refund or redetermination of tax under the property tax laws. MCL 205.731(b).

In *People v Young (On Remand)*, 220 Mich App 420, 434-435; 559 NW2d 670 (1996), this Court referred to *Peacock v Thomas*, 516 US 349, 354-356; 116 S Ct 862; 133 L Ed 2d 817 (1996), in a discussion regarding ancillary jurisdiction. First, the Court in *Young* noted that ancillary jurisdiction typically involves claims by a defendant or a person whose rights might be irretrievably lost unless those rights could be asserted in an ongoing action in a court. *Young, supra* at 434, citing *Peacock, supra.* This Court further stated that in order for jurisdiction over ancillary claims to attach, a " 'court must have jurisdiction over a case or controversy . . . . ' " *Id.*, quoting *Peacock, supra* at 355. Ancillary jurisdiction may be exercised "(1) to permit disposition, by a single court, of claims that are, in varying respects and degrees, factually interdependent, or (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 434-435, citing *Peacock, supra.*

This Court further instructed:

> [A]ncillary jurisdiction should attach where: (1) the ancillary matter arises from the same transaction that was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated. [*Id.* at 435.]

In this case, plaintiff originally sought a tax refund before the Tax Tribunal. This is a matter over which the Tax Tribunal has exclusive jurisdiction. The constitutional question was brought in circuit court because the Tax Tribunal had no jurisdiction to consider the issue. This is not a case involving a defending party who might lose the opportunity to assert a right unless asserted in the circuit court action. Although the matters are interrelated, they need not be addressed by the same tribunal. The decision regarding the refund is not required for the circuit court's consideration of the constitutional issue.

In addition, the amount of any potential refund to plaintiff is not something that "can be determined without a substantial new fact-finding proceeding." *Id.* Instead, the amount of tax due from plaintiff must be recalculated, presumably requiring the expertise of the Tax Tribunal. Further, the refund issue need not be settled to protect the integrity of the circuit court proceeding or to ensure the proper review and disposition of the constitutional question. *Id.* Because it is bound by the decision of our Supreme Court that found MCL 211.34d(1)(b)(*vii*) unconstitutional, the Tax Tribunal must determine the amount of refund due plaintiff in accordance with the Supreme Court's decision. There are no further matters for the circuit court upon which the determination of a refund is dependent. Therefore, the circuit court correctly concluded that consideration of the issue of plaintiff's refund is for the Tax Tribunal.

We affirm.