REMA VILLAGE MOBILE HOME PARK v ONTWA TOWNSHIP

Docket No. 276506. Submitted March 4, 2008, at Lansing. Decided March 11, 2008, at 9:05 a.m.

Rema Village Mobile Home Park petitioned the Tax Tribunal for an order declaring invalid a special assessment imposed on its real property by Ontwa Township in connection with the construction of a municipal sewer system. The Tax Tribunal determined that the assessment was valid, despite finding that the assessment caused a decrease in the value of the petitioner's property. The Court of Appeals, ZAHRA, P.J., and CAVANAGH and OWENS, JJ., reversed, concluding that the assessment was invalid as a matter of law because it did not confer a special benefit on the petitioner's property. Unpublished opinion per curiam of the Court of Appeals, issued October 27, 2005 (Docket No. 256295). The petitioner brought a motion in the Tax Tribunal seeking an order canceling the special assessment, a refund (with interest) of the amount paid, and other relief. The Tax Tribunal entered an order denying the motion, concluding that it lacked jurisdiction over the issue because the Court of Appeals did not expressly state that it was remanding the matter to the Tax Tribunal for further proceedings. The petitioner appealed from the order denying its motion.

The Court of Appeals *held*:

The Tax Tribunal had jurisdiction to enforce the decision of the Court of Appeals pursuant to MCR 7.215(F)(1)(b), notwithstanding the failure of the Court of Appeals to expressly state that it was remanding the matter to the Tax Tribunal. The Tax Tribunal erred in concluding that it lacked jurisdiction over the issue. The order of the Tax Tribunal must be vacated and the matter must be remanded to the Tax Tribunal for proceedings to enforce the earlier decision of the Court of Appeals.

Vacated and remanded.

JUDGMENTS — EXECUTION AND ENFORCEMENT — TAX TRIBUNAL.

The Tax Tribunal has jurisdiction to enforce a judgment of the Court of Appeals reversing a decision of the Tax Tribunal, unless otherwise ordered by the Court of Appeals or the Supreme Court, notwithstanding the failure of the Court of Appeals to expressly

state in its judgment or order that it was remanding the matter to the Tax Tribunal (MCR 7.215[F][1]).

*Bator Berlin, P.C.* (by *Gregory J. Bator* and *Christian A. Lobb*), for the petitioner.

*Westrate & Thomas* (by *Mark A. Westrate*) and *Braun Kendrick Finkbeiner, PLC* (by *Francis J. Keating*), for the respondent.

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

O'CONNELL, P.J. Petitioner appeals as of right a November 6, 2006, order of the Tax Tribunal denying petitioner's motion for a refund of amounts it had paid under an invalid special assessment, even though we issued a prior decision in petitioner's favor. We vacate the Tax Tribunal's order and remand this case to the Tax Tribunal for further proceedings consistent with this opinion. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

This case was previously before this Court, resulting in an unpublished opinion per curiam in plaintiff's favor with regard to the validity of the underlying special assessment. *Rema Village Mobile Home Park v Ontwa Twp*, unpublished opinion per curiam of the Court of Appeals, issued October 27, 2005 (Docket No. 256295). Respondent had imposed a special assessment of $204,050 on petitioner's real property in connection with the construction of a municipal sewer system. Petitioner challenged the legality of that special assessment in the Tax Tribunal. The Tax Tribunal decided that the special assessment was valid, despite finding that the assessment resulted in a decrease in the value of petitioner's property. *Id.*, p 2. This Court reversed the Tax Tribunal's decision, concluding that the imposition

of the special assessment on petitioner's property was invalid as a matter of law because the sewer improvement did not confer a special benefit on the assessed property. *Id.*, pp 3-4. Even though this Court's opinion clearly stated that it "reversed in part" the Tax Tribunal's decision, the opinion did *not* state that it was remanding this case to the Tax Tribunal.[1]

On September 7, 2006, petitioner filed a motion in the Tax Tribunal captioned "Motion for Entry of Order to Refund Special Assessment." In accordance with this Court's opinion, petitioner essentially sought an order from the Tax Tribunal canceling the special assessment against petitioner's property. It also sought a refund, with interest, for the amount it had paid toward the special assessment, the cancellation of monthly sewer-usage fees, a refund of the usage fees already paid, and a recovery of legal expenses from respondent.

In the order being appealed, the Tax Tribunal denied petitioner's motion, concluding that it lacked jurisdiction "over this issue" because this Court "did not remand the case to the Tribunal." Petitioner argues that the Tax Tribunal erred by holding that it lacked jurisdiction with regard to its motion because MCR 7.215(F)(1)(b) plainly vests the Tax Tribunal with jurisdiction to enforce this Court's judgment reversing a Tax Tribunal decision. We agree. This Court reviews de novo the existence of jurisdiction. *Trostel, Ltd v Dep't of Treasury*, 269 Mich App 433, 440; 713 NW2d 279 (2006). We also review de novo the interpretation of court rules. *Muci v State Farm Mut Automobile Ins Co*, 478 Mich 178, 187; 732 NW2d 88 (2007).

MCR 7.215(F)(1) provides:

---

[1] Apparently the Tax Tribunal was under the misconception that it had no jurisdiction over the case unless this Court's opinion specifically remanded the case to it.

*Routine Issuance.* Unless otherwise ordered by the Court of Appeals or the Supreme Court or as otherwise provided by these rules,

\* \* \*

(b) execution on the Court of Appeals judgment is to be obtained or enforcement proceedings had in the trial court or tribunal after the record has been returned . . . with a certified copy of the court's judgment or, if a record was not transmitted to the Court of Appeals, after the time specified for return of the record had it been transmitted.

It is apparent that petitioner's motion substantially constituted a motion to enforce this Court's decision—namely, that the imposition of the relevant special assessment on petitioner's property was invalid. On the basis of the plain language of MCR 7.215(F)(1)(b), the Tax Tribunal had jurisdiction to enforce this Court's decision, notwithstanding this Court's failure to expressly state that it was remanding this case to the Tax Tribunal. Therefore, the Tax Tribunal erred by holding that it lacked jurisdiction over this issue. Although petitioner's motion arguably went beyond the issues addressed or relief required by this Court's decision, the Tax Tribunal was clearly entrusted under MCR 7.215(F)(1)(b) with authority to enforce this Court's opinion, and that opinion clearly envisioned—in fact, mandated—enforcement. The implications, ways, and means of that enforcement are not matters before this Court at this time, just as they were not originally before us. It is enough for this limited issue that the Tax Tribunal's order denying petitioner's motion on jurisdictional grounds is vacated, that the Tax Tribunal's jurisdiction over enforcement proceedings is reiterated, and that the case is remanded to the Tax Tribunal for proceedings to enforce this Court's earlier decision.

Petitioner also argues that the Tax Tribunal and respondent should be ordered to pay its legal expenses because of their efforts to obstruct this Court's earlier decision. However, petitioner cites no legal authority or doctrine whatsoever to support its request for attorney fees, not only from the opposing party, but also from the lower tribunal. Accordingly, we reject petitioner's request. See *Badiee v Brighton Area Schools*, 265 Mich App 343, 378-379; 695 NW2d 521 (2005).

Vacated and remanded to the Tax Tribunal for further proceedings consistent with this opinion. We do not retain jurisdiction.