STATE OF MICHIGAN
COURT OF APPEALS

GEANIECE D. CARTER,

        Plaintiff-Appellant,

v

CITY OF DETROIT,

        Defendant-Appellee,

and

DETROIT FINANCE DEPARTMENT,

        Defendant-Appellee.

UNPUBLISHED
November 14, 2017

No. 335100
Wayne Circuit Court
LC No. 16-009750-CZ

Before: BECKERING, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals *in propria persona* as of right the circuit court's order dismissing plaintiff's complaint pursuant to MCR 2.116(C)(4) (lack of subject-matter jurisdiction).[1]  We affirm.

This case arises from defendant's alleged improper withholding of plaintiff's 2015 income tax refund. According to plaintiff's complaint, in July 2016, she became aware that defendants "had placed a refund offset on her account and seized her refund." Plaintiff eventually met with one of defendants' employees, Kim Graham, to discuss the withholding of her refund. Graham informed plaintiff that plaintiff's employer in 2011 had failed to pay plaintiff's local income taxes and that plaintiff owed defendants more than the amount of her 2015 refund based on her stated income from 2011. Graham and another of defendants' employees[2] explained to plaintiff that, because she owed more in unpaid taxes than her refund

---

[1] Although the order does not specify the grounds on which the circuit court dismissed plaintiff's complaint, it clearly dismissed the complaint for lack of subject-matter jurisdiction.

[2] According to plaintiff's brief on appeal, this other employee was Michelle Weston.

amount, she was not entitled to her refund for 2015. Plaintiff requested a written explanation for defendants' withholding of her refund, which Graham and the other employee refused.

Plaintiff proceeded to file a complaint *in propria persona* in the circuit court. In the complaint, plaintiff argued that defendants violated her due process rights by using her refund to offset "alleged debts . . . without an adequate supporting rationale" because doing so was "arbitrary and capricious and an abuse of discretion." As a remedy, plaintiff sought her 2015 tax refund, her refund from 2011 that defendants apparently withheld, punitive damages of $100,000, attorney fees and court costs, and "that [defendants] either justify the alleged debt or pay [the] damages" that plaintiff sought.

In response, defendants brought a motion for summary disposition pursuant to MCR 2.116(C)(1) and (4). In the motion, defendants argued that plaintiff failed to exhaust her administrative remedies and, therefore, the case was not properly before the circuit court. Defendants contended that plaintiff needed to file her appeal with the City of Detroit Income Tax Board of Review and then with the Michigan Tax Tribunal (MTT). Defendants also contended that the circuit court did not have subject-matter jurisdiction over plaintiff's action because the MTT had exclusive and original jurisdiction over tax matters. Lastly, defendants argued that the circuit court did not have jurisdiction because the amount in controversy was less than the necessary $25,000 for a claim to be in circuit court.

On September 22, 2016, the circuit court held a hearing on defendant's motion. Plaintiff argued that she "wasn't really given notice" regarding defendant's withholding of her 2015 refund, explaining that she "asked for a written document and what it was for, and what year the debt was for" but did not receive "any of that." Plaintiff contended that she only received the notice informing her that her return was being withheld because she owed money to the City of Detroit. The circuit court repeatedly explained to plaintiff that she was "in the wrong court" and that she needed to bring this dispute before the City of Detroit Income Tax Board of Review and the MTT. Plaintiff argued that she would have done that had she received "any notice from the City telling me what my rights were," to which the circuit court reiterated that she was "in the wrong court" and needed "to go to the Tax Tribunal." The circuit court further explained that, because it did not have jurisdiction, it was not ruling on any of the other issues raised by plaintiff. On September 26, 2016, the circuit court entered an order dismissing plaintiff's case.

On appeal, plaintiff argues that the circuit court erred by dismissing her case for lack of subject-matter jurisdiction. We disagree. "Whether the circuit court has jurisdiction is a question of law that is reviewed de novo." *WPW Acquisition Co v City of Troy (On Remand)*, 254 Mich App 6, 8; 656 NW2d 881 (2002).

The MTT has exclusive and original jurisdiction over a proceeding for a refund or redetermination of tax under the property tax laws. MCL 205.731(b). "The tribunal's jurisdiction is based either on the subject matter of the proceeding (e.g., a direct review of a final decision of an agency relating to special assessments under property tax laws) or the type of relief requested (i.e., a refund or redetermination of a tax under the property tax laws)." *Hillsdale Co Sr Services, Inc v Hillsdale Co*, 494 Mich 46, 60 n 14; 832 NW2d 728 (2013). Because the tax tribunal's jurisdiction over these matters is exclusive, the circuit courts cannot exercise jurisdiction over a proceeding for a refund or redetermination of tax. *Wikman v Novi*,

413 Mich 617, 645; 322 NW2d 103 (1982); see also MCL 205.774 (abolishing the right to sue any agency for a refund of taxes other than by a proceeding before the MTT). Where a party is aggrieved by an MTT decision, the aggrieved party does not appeal to the circuit court, but rather appeals directly to this Court. *Ammex, Inc v Treasury Dep't*, 272 Mich App 486, 494; 726 NW2d 755 (2006); see also MCL 141.694(1).

However, even where a case involves questions that are otherwise proper before the MTT, the circuit court continues to have jurisdiction over constitutional questions or questions involving the validity of statutes. *WPW Acquisition Co (On Remand)*, 254 Mich App at 8. Indeed, the MTT is without the authority to find a statute unconstitutional or invalid. *Wikman*, 413 Mich at 646-647; *Ammex*, 272 Mich App at 495. However, merely couching a claim in terms of a constitutional question is insufficient to divest the MTT of its exclusive jurisdiction. The MTT retains jurisdiction when the constitutional claim does not involve the validity of a statute, but involves whether the assessment of taxes was "arbitrary and without foundation." *Wikman*, 413 Mich at 647.

The underlying basis of plaintiff's action was defendant's alleged improper withholding of her refund. A challenge to a refund under the property tax laws falls within the exclusive jurisdiction of the MTT. MCL 205.731(b). The relief sought by plaintiff's complaint included either her refund or an explanation of why defendant withheld her refund. Pursuant to MCL 141.692(1) (adopted by defendants in Detroit Ordinances, § 18-10-21(a)), plaintiff could appeal the denial of her refund to the income tax board, and pursuant to MCL 141.692(2) (adopted by defendants in Detroit Ordinances, § 18-10-21(b)), plaintiff would "have an opportunity to present evidence that relates to the matter under appeal." If plaintiff was unhappy with the board's decision, she could appeal that decision to the MTT pursuant to MCL 141.693(2) (adopted by defendants in Detroit Ordinances, § 18-10-22(2)). Thus, had plaintiff appealed defendant's denial of her refund to the City of Detroit Income Tax Review Board and the MTT, she would have received the relief she requested: either her refund or an explanation for defendant's refusal to issue her refund. See *Hillsdale Co Sr Services*, 494 Mich at 60 n 14. Accordingly, the circuit court properly ruled that it could not exercise jurisdiction over plaintiff's action because the MTT has exclusive jurisdiction over refunds under the property tax laws. MCL 205.731(b).

Plaintiff attempts to couch her argument in constitutional terms by arguing that she did not receive notice of defendant's withholding of her refund in violation of her due process rights.[3] However, notice for due process purposes only requires the government to "apprise

_____

[3] Notably, plaintiff's argument on appeal that she was entitled to *advance* notice was not raised in the lower court. This Court generally declines to address arguments first raised on appeal. See *Fast Air, Inc v Knight*, 235 Mich App 541, 549-550; 599 NW2d 489 (1999). Regardless, the argument is without merit because this Court, relying on *McKesson Corp v Div of Alcoholic Beverages & Tobacco*, 496 US 18, 36-37; 110 S Ct 2238; 110 L Ed 2d 17 (1990), has held that due process does not require the state to hold "a predeprivation hearing" before collecting contested taxes so long as the postdeprivation proceedings are sufficient. *DaimlerChrysler Corp v Dep't of Treasury*, 268 Mich App 528, 540-541; 708 NW2d 461 (2005). Because plaintiff

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008) (citation and quotation marks omitted). Plaintiff was clearly apprised of the action against her pursuant to the offset notice issued by defendants. Pursuant to MCL 141.692 and MCL 141.693, if plaintiff contested defendant's denial of her refund with the proper tribunal, plaintiff would have an opportunity to present her objections and evidence to the income tax board and the MTT. Because plaintiff does not contest the adequacy of these procedures or the validity of the statutes, her argument that defendants' withholding of her refund violated due process is essentially a contention that the withholding of her refund was "arbitrary and without foundation," which does not divest the MTT of its exclusive jurisdiction to hear plaintiff's claim. *Wikman*, 413 Mich at 647. Accordingly, like in *Wikman*, the circuit court did not have subject-matter jurisdiction.

Plaintiff raises several other arguments on appeal. Some of these arguments were not raised in the circuit court and, therefore, are not preserved for appeal. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). With respect to the arguments that plaintiff did argue below, the circuit court properly did not address those arguments because "[w]hen a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Todd v Dep't of Corrections*, 232 Mich App 623, 628; 591 NW2d 375 (1998). Likewise, we decline to address these arguments. See *Fast Air, Inc*, 235 Mich App at 549-550.

Affirmed.

/s/ Jane M. Beckering
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

does not challenge the adequacy of the postdeprivation proceedings, her argument is without merit. See *McKesson*, 496 US at 36-37; *DaimlerChrysler Corp*, 268 Mich App at 540-541.