# STATE OF MICHIGAN

# COURT OF APPEALS

K & M REAL ESTATE, LLC,

        Plaintiff-Appellee,

v

RUBLOFF DEVELOPMENT GROUP, INC., and
KM PORT HURON, LLC,

        Defendants-Appellants,

and

RUBY-07-PORT HURON, LLC, an assignee of
BMO HARRIS BANK, NA, formerly known as
M & I MARSHALL & ILSLEY BANK,

        Intervenor-Appellant,

and

JCF REAL ESTATE, LLC,

        Intervenor.

UNPUBLISHED
November 28, 2017

No. 333097
St. Clair Circuit Court
LC No. 11-002000-CK

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

JANSEN, J. (*dissenting*).

Because I believe the trial court abused its discretion when it denied defendants'[1] motion to enforce this Court's March 18, 2014 judgment, *K & M Real Estate, LLC v Rubloff Dev Group, Inc*, unpublished opinion per curiam of the Court of Appeals, issued March 18, 2014 (Docket Nos. 313892; 315479), I respectfully dissent.

In the prior appeal, defendants argued that the trial court erred when it ignored the pro rata cost-sharing provision of the Declaration and Agreement, instead finding that defendants

---

[1] Consistent with the parties' adopted briefing convention, I refer to defendants and intervenor Ruby collectively as "defendants" on appeal.

had waived the cost-sharing provision by failing to contribute to repairs performed on the parking area and ordering defendants to cover 100% of incurred repair costs. *Id*. at 5. In relevant part, the Declaration and Agreement states:

> Any and all costs with regard to the maintenance of said parking areas and roadways shall be shared by the two parcels on a pro rata basis based on the square footage of the building area on the Shopping Center Parcel as it relates to the square footage of building on the K-Mart Parcel which, for purposes hereof, is set at 84,180 square feet. [*Id*. at 5.]

This Court agreed with defendant, holding that the trial court erred when it found that the parties had modified or waived this provision of the Declaration and Agreement because any such waiver or modification was not in writing and therefore not enforceable. *Id*. at 6. "As such," we concluded, "the trial court's finding of waiver was erroneous, and the cost-sharing provision of the Declaration and Agreement must be enforced as written." *Id*. This Court reversed the portion of the trial court's judgment finding that application of the cost-sharing provision had been waived, and vacated the trial court's March 11, 2013 order directing defendants to cover the entirety of $346,389 in parking lot repairs. *Id*. at 7-8.

Under MCR 7.215(E)(1), "[w]hen [this Court] disposes of an original action or an appeal, whether taken as of right, by leave granted, or by order in lieu of leave being granted, its opinion or order is its judgment." Execution or enforcement of this Court's judgments "is to be obtained . . . in the trial court or tribunal after the record has been returned[.]" MCR 7.215(F)(1)(b). The lower court or tribunal has jurisdiction to enforce this Court's judgments regardless of whether this Court's opinion expressly states that the matter is remanded. *Rema Village Mobile Home Park v Ontwa Twp*, 278 Mich App 169, 172; 748 NW2d 896 (2008).

The majority opines that this Court's judgment cannot be enforced because "this Court did not hold that plaintiff is liable under the facts of this case to pay its pro rata share of specific repairs." I disagree. The trial court order at issue in the prior appeal explicitly stated that defendants "shall be jointly and severally liable to reimburse Plaintiff 100% of costs incurred by Plaintiff in repairing, restoring and/or maintaining the Parking Lot in first class condition." *K & M Real Estate, LLC*, unpub op at 2. Upon consideration, this Court reversed the trial court's November 28, 2012 judgment *only* "insofar as it relates to (a) the liabilities or obligations of defendant Rubloff (b) waiver of the pro-rata cost sharing provision; and (c) creation of a lien on real property." *Id*. at 8. This Court specifically *did not* reverse the lower court judgment to the extent the lower court held that the parking area at issue had not been maintained, and that should defendants fail to restore the parking area plaintiff was permitted to enter the parking lot and undertake repairs with an expectation of reimbursement under the cost-sharing provision of the Declaration and Agreement. *Id*. at 6, 8. The trial court clearly made a determination that defendants were liable under the Declaration and Agreement. This Court's judgment only modified the extent of that liability; it did not reverse the liability determination with respect to any party but Rubloff.

I would reverse the trial court's order denying defendants' motion to enforce the judgment. Consistent with this Court's unambiguous prior holding, I would remand for entry of

judgment in defendants' favor for the amount of plaintiff's pro rata share of the repair costs incurred after the trial court's March 11, 2013 order.

/s/ Kathleen Jansen