# STATE OF MICHIGAN

# COURT OF APPEALS

INDIAN RIVER TRADING POST,

      Petitioner-Appellant,

v

TOWNSHIP OF TUSCARORA,

      Respondent-Appellee.

UNPUBLISHED
February 27, 2018

No. 336181
Tax Tribunal
LC No. 15-006036-TT

INDIAN RIVER PROPERTY COMPANY,

      Petitioner-Appellant,

v

TOWNSHIP OF TUSCARORA,

      Respondent-Appellee.

No. 336182
Tax Tribunal
LC No. 15-006037-TT

Before: CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Petitioners Indian River Trading Post and Indian River Property Company appeal as of right an order of the Tax Tribunal granting summary disposition under MCR 2.116(C)(4) to respondent Township of Tuscarora ("the township") for lack of jurisdiction. Because the Tax Tribunal lacked jurisdiction over petitioners' claim that respondent enacted an unconstitutional tax disguised as a fee, we affirm the Tax Tribunal's grant of summary disposition under MCR 2.116(C)(4). However, to the extent the Tax Tribunal addressed the merits of petitioners' claims and concluded that the charge in question was a fee, the Tax Tribunal's opinion is vacated because, lacking jurisdiction, any action by the Tax Tribunal aside from dismissing the case is void.

Petitioners each own property located within the township. In 2012, the township adopted a sanitary sewer use ordinance. The township also established a special assessment district (SAD) to fund sewer improvements in the SAD. Petitioners' parcels were included within the SAD, and petitioners were assessed a combined total of $128,000, i.e., $88,000 for Indian River Trading Post and $40,000 for Indian River Property Company. In 2014, petitioners

-1-

protested the special assessment in the Tax Tribunal, challenging the assessment's validity based on the claim that the sewer project would not benefit petitioners' properties. The Tax Tribunal ruled in petitioners' favor, concluding that the assessment was unreasonable and disproportionate because it conferred no benefit on petitioners' properties.[1] See generally *Kadzban v Grandville*, 442 Mich 495, 501; 502 NW2d 299 (1993).

Aside from the special assessment, the township also adopted Resolution S/2013-1, which imposes a "benefit fee" that must be paid to connect to the sewer system. In particular, the provision states:

> a benefit fee shall be charged and collected before a premises can be connected to the System to pay for the sewer mains, treatment facilities, and other portions of the System used by all users because the new connection will hasten the time for replacement of parts or expansion of the common facilities. This fee may be offset or reduced, as the case may be, by the amount of special assessments paid, if any.
>
> The benefit charge shall be $8,000.00 per residential equivalent unit (REU). The REU shall be established utilizing the attached schedule of benefits table, as amended. There is a minimum of one REU required.

Under the township's sewer ordinance, connection to the sewer is mandatory and failure to connect results in hefty fines. As applied to petitioners, the amount of the "benefit fee" is precisely what petitioners were assessed under the special assessment. Respondent sent petitioners a letter on September 28, 2015 informing them of a "sewer benefit charge" of $88,000 for Indian River Trading Post and $40,000 for Indian River Property Company.[2]

Petitioners filed a petition in the Tax Tribunal to challenge the township's benefit fee. Specifically, petitioners asserted that the benefit fee was in actuality a "tax" under the criteria set forth in *Bolt v Lansing*, 459 Mich 152; 587 NW2d 264 (1998) and that this tax violated Const 1963, Art 9, § 31 because the citizens of the township did not vote to approve the tax. In their request for relief, petitioners asked the Tax Tribunal to rule that the benefit fee was a tax which violated the Headlee Amendment.

Thereafter, the parties filed cross-motions for summary disposition. Relevant to the current appeal, the township argued that the Tax Tribunal lacked jurisdiction because the benefit fee was a regulatory fee and not a tax. The Tax Tribunal granted respondent's motions for

---

[1] The Tax Tribunal also concluded that the township had incorrectly assessed Indian River Trading Post's parcel for 11 residential equivalent units (REUs), and the Tax Tribunal reduced that number to nine REUs.

[2] We note that the charge for the Indian River Trading Post was $88,000 based on 11 REUs. However, following the Tax Tribunal's decision, Indian River Trading Post only has nine REUs, meaning that the appropriate charge for the Indian River Trading Post would be $72,000.

summary disposition under MCR 2.116(C)(4). Relying on *Bolt*, 459 Mich at 152 and *Graham v Kochville Twp*, 236 Mich App 141; 599 NW2d 793 (1999), the Tax Tribunal concluded that the benefit fee was a fee, meaning that questions regarding the benefit fee's validity were outside the tax laws and outside the Tax Tribunal's jurisdiction. Petitioners now appeal as of right.

On appeal, the issue before us is whether the Tax Tribunal had subject-matter jurisdiction to decide petitioners' claims. We conclude that the Tax Tribunal lacked jurisdiction to determine whether the benefit fee was in actuality a tax that violated the Headlee Amendment, and thus the Tax Tribunal properly granted summary disposition to the township under MCR 2.116(C)(4). However, we note that the fee/tax distinction set forth in *Bolt* relates to the merits of petitioners' Headlee arguments, meaning that the Tax Tribunal erred by deciding the merits of the fee/tax dispute in connection with resolving the jurisdictional question.

"Review of decisions by the Tax Tribunal is limited." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). "In the absence of fraud, our review of the tribunal's determinations is limited to determining whether the tribunal made an error of law or adopted a wrong legal principle." *Menard, Inc v Escanaba*, 315 Mich App 512, 519-520; 891 NW2d 1 (2016) (quotation marks and citation omitted). Whether the Tax Tribunal had jurisdiction is a question of law, which this Court reviews de novo. *Rema Vill Mobile Home Park v Ontwa Twp*, 278 Mich App 169, 171; 748 NW2d 896 (2008).

"Subject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of a case." *Harris v Vernier*, 242 Mich App 306, 319; 617 NW2d 764 (2000). "The question of jurisdiction does not depend on the truth or falsity of the charge, but upon its nature: it is determinable on the commencement, not at the conclusion, of the inquiry." *Ryan v Ryan*, 260 Mich App 315, 331; 677 NW2d 899 (2004) (citation omitted). "Jurisdiction always depends on the allegations and never upon the facts." *Id*. (citation omitted). "When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void." *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992).

Under MCL 205.731(a), the Tax Tribunal has exclusive and original jurisdiction over "[a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state."

> Thus, for the tribunal to have jurisdiction pursuant to MCL 205.731(a), four elements must be present: (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws. Where all such elements are present, the tribunal's jurisdiction is both original and exclusive. [*Hillsdale Co Sr Servs, Inc v Hillsdale Co*, 494 Mich 46, 53; 832 NW2d 728 (2013).]

Generally, "the Tax Tribunal does not have jurisdiction over constitutional questions . . . ." *WPW Acquisition Co v Troy*, 254 Mich App 6, 8; 656 NW2d 881 (2002). "The Tax Tribunal may, however, consider claims that an assessment is arbitrary or without foundation even if

couched in constitutional terms." *Meadowbrook Vill Assoc v Auburn Hills*, 226 Mich App 594, 597; 574 NW2d 924 (1997).

In this case, petitioners seek to challenge an ordinance imposing a "benefit fee" that must be paid when connecting to the township's sewer system. Specifically, petitioners claim that this charge is in actuality a tax in the guise of a fee. According to petitioners, the imposition of this disguised tax violates the Headlee Amendment because the citizens of the township did not vote to approve the tax. See Const 1963, Art 9, § 31. Relevant to this argument, in pertinent part, the Headlee Amendment states:

> Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. . . . [Const 1963, Art 9, § 31.]

The effect of this provision is to "invalidate[] the levying of any new tax not already authorized by law at the time of the ratification of the Headlee Amendment unless voter approval of that tax is secured." *Wheeler v Charter Twp of Shelby*, 265 Mich App 657, 664; 697 NW2d 180 (2005). However, a "user fee" is not a tax, and such a charge is not affected by the Headlee Amendment. *Bolt*, 459 Mich at 159; *Jackson Co v City of Jackson*, 302 Mich App 90, 99; 836 NW2d 903 (2013). Thus, the constitutionality of a charge for purposes of the Headlee Amendment often hinges on whether the charge is a fee or a tax, which is determined by considering the criteria set forth in *Bolt*, 459 Mich at 161-162.[3] Notably, an action to enforce the Headlee Amendment may be brought in the Court of Appeals or in the circuit courts. Const 1963, Art 9, § 32; MCL 600.308a(1); *Wayne Co Chief Executive v Governor*, 230 Mich App 258, 269-270; 583 NW2d 512 (1998).

Considering petitioners' claims, it is apparent that petitioners seek to challenge a purported benefit fee as a disguised tax that violates the Headlee Amendment. This action to enforce the Headlee Amendment is a constitutional claim, *Riverview v Michigan*, 292 Mich App 516, 524; 808 NW2d 532 (2011); and it is properly brought in this Court or the circuit court, Const 1963, Art 9, § 32; MCL 600.308a(1). Consequently, the Tax Tribunal did not err by concluding that it lacked jurisdiction and granting summary disposition under MCR 2.116(C)(4).[4] However, to the extent the Tax Tribunal held that the benefit fee in this case was a

---

[3] Neither *Bolt* nor *Graham*, 236 Mich App at 150, used the fee/tax criteria to determine whether the Tax Tribunal had jurisdiction, and we are not aware of a case using the criteria in this manner. Indeed, *Bolt*, 459 Mich at 158 & n 9, was an original action in the Court of Appeals; and *Graham*, 236 Mich App at 141, involved an appeal from a circuit court decision. In both cases, the analysis of the fee/tax (or in *Graham*, the fee/special assessment) criteria was conducted in the course of assessing the substantive merits of the parties' claims, not jurisdiction.

[4] In certain circumstances, the Tax Tribunal may consider issues relating to a Headlee challenge. For instance, under MCL 600.308a(5), this Court may refer an action to the Tax Tribunal to make findings of fact necessary to resolve an action to enforce the Headlee Amendment.

fee and not a tax, the Tax Tribunal erred by going beyond the jurisdictional issue and resolving the fee/tax question that relates to the merits of petitioners' action to enforce the Headlee Amendment. In other words, the substantive question in this Headlee case is whether the benefit fee is a fee or a tax, *Bolt*, 459 Mich at 161-162; and the jurisdictional question is what court or tribunal should decide whether the benefit fee is a fee or a tax. Because the Tax Tribunal lacked jurisdiction to decide the Headlee question, its determination that the benefit fee is a fee, and not a tax, is void. See *Bowie*, 441 Mich at 56. Accordingly, we affirm the Tax Tribunal's grant of summary disposition under MCR 2.116(C)(4); but, we vacate the Tax Tribunal's analysis of the fee versus tax criteria under *Bolt*.

Affirmed in part and vacated in part.


/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering

---

Additionally, because the Tax Tribunal has exclusive jurisdiction over challenges to special assessments, the Tax Tribunal may consider "an alleged violation of the Headlee Amendment in the context of [a] challenge to the special assessments." *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151, 156; 782 NW2d 806 (2010). However, at issue in this case is a purported benefit fee. And, unlike a special assessment, this issue does not fall squarely within the jurisdiction of the Tax Tribunal. See *Ammex, Inc v Dep't of Treasury*, 272 Mich App 486, 495; 726 NW2d 755 (2006). It is true that, to some extent, petitioners' allegations involve the assertion that the benefit fee, if not a tax, is in actuality a special assessment in contravention of the Tax Tribunal's earlier determination that petitioners could not be subject to a special assessment for the sewer project. However, petitioners' argument in this regard amounts to an attempt to enforce the Tax Tribunal's earlier decision, and enforcement of Tax Tribunal orders and directives is obtainable in the circuit court. *Wikman v Novi*, 413 Mich 617, 648; 322 NW2d 103 (1982); *Edros Corp v Port Huron*, 78 Mich App 273, 278; 259 NW2d 456 (1977). See also *Graham*, 236 Mich App at 142 (involving an action in the circuit court seeking a declaratory judgment that a purported connection fee ordinance "was a subterfuge that circumvented the Tax Tribunal's decision" regarding special assessments).